[Civ. No. 102.    Second Appellate District.—November 9, 1905.]

## SYLVESTER KIPP, Respondent, v. H. W. O'MELVENY et al., Appellants.

TRUSTS—MORTGAGE BY TRUSTEES ON PART OF TRUST PROPERTY—PAYMENT OF ENCUMBRANCES—CONSTRUCTION OF POWER.—Where a trust deed empowered the trustee to execute one or more mortgages of property to pay off encumbrances, consisting of tax sales and administration expenses, and to redeem from tax sales, the trustee was thereby empowered to mortgage a part of the trust estate, to pay off the claims of a holder of tax sales, who released all claims thereto.

ID.—IMPLIED POWERS—USE OF PROPER MEANS.—Where a trustee conforms with the provisions of the trust in their true spirit and meaning, he has authority to adopt measures and to do, acts which, though not specified in the instrument, are implied in its general directions, and are reasonable and proper means for making them effectual.

APPEAL from a judgment of the Superior Court of San Diego County. E. S. Torrance, Judge.

The facts are stated in the opinion of the court.

Withington & Carter, McNutt & Hannon, H. W. O'Melveny, and Works, Lee & Works, for Appellants.

Stearns & Sweet, for Respondent.

CONREY, S. J.—In this action, a decree was entered in favor of respondent, Kipp, foreclosing a certain mortgage. This mortgage had been executed to Kipp by Carlos Olvera, as trustee under a certain deed of trust. The mortgage was given to secure a promissory note made by the trustee to the mortgagee. Some time before the execution of said note and mortgage, the appellants Smith and others, together with certain other owners—all of them being tenants in common— had executed to said Olvera a deed granting to him, as trustee, certain real property, of which said mortgaged premises are a part. The plaintiff claims that the mortgage was made in the course of the trustee's performance of his duties as such trustee, and in conformity with the powers conferred upon him by the trust deed. The appellants, as

owners of interest in said property and beneficiaries of said trust deed, appeal from the decree; and they contend here that said mortgage was not executed for a purpose named by the trust deed, and was not within the scope of the powers conferred upon the trustee, and that, therefore, said instrument is void.

From the trust deed it appears that at its date the real property described therein was subject to various encumbrances, such as tax sales and administration expenses of an estate; that the trustee was authorized ''to borrow upon said real property a sum sufficient to pay the encumbrances existing thereon,'' and to execute ''such promissory note or notes and such indenture or indentures of mortgage as may be necessary . . . for the purpose of obtaining money to pay off and discharge the charges existing against said lands.'' He is further authorized to redeem from such tax sales as can be redeemed from, and he is made the sole judge of the advisability of contesting any of such tax sales. It is further provided that he ''shall have power to make one or more mortgages for the payment of the sums necessary to pay off the charges upon said property.'' The plaintiff Kipp, at the time of the execution of the mortgage, was the owner of certain certificates of tax sales against four thousand two hundred and seventy-seven acres of said land. The trustee and Kipp agreed upon the amount of the encumbrances against the land by reason of said tax sales. Pursuant to an agreement thereupon made between them, the trustee paid the amount of Kipp's claims against the property by executing the note and mortgage which are the subject of this action; and thereupon, and in consideration thereof, the plaintiff released all of his said former claims. The amount of land covered by the mortgage is six hundred acres. On behalf of the appellants it is argued that the trustee in executing said mortgage exceeded his powers in that he mortgaged a part of the premises described in the trust deed, when he was only authorized to mortgage the whole; and also in that he mortgaged in consideration of the surrender and cancellation of tax certificates, whereas he was only authorized to mortgage as security for money that he might receive as a direct cash loan.

We are of the opinion that, by virtue of said trust deed, the trustee was empowered to mortgage any part of said lands, when in the course of performance of his duty to get rid of the encumbrances thereon, he should find it expedient to make such mortgage. The trust deed does not contain apt words to indicate an intention that any mortgage made by the trustee must necessarily include all of the trust property. We are further of the opinion that the trustee was authorized to pay off plaintiff's claims by executing this mortgage to secure the amount thereof. There is no substantial difference between that transaction and the transaction of borrowing the same amount of money from a third party in order to pay such money over into the hands of Kipp. Where a trustee conforms with the provisions of the trust in their true spirit and meaning, he has authority "to adopt measures and to do acts which, though not specified in the instrument, are implied in its general directions, and are reasonable and proper means for making them effectual." (2 Pomeroy's Equity, sec. 1062; *Gilbert* v. *Penfield*, 124 Cal. 234, [56 Pac. 1107].) Appellants do not dispute this proposition. They simply contend that the mortgage made by Olvera was not such a mortgage as should be held to be within the scope of the power to mortgage, as limited by the terms of the trust deed. And as we do not agree with the appellants on this question concerning the scope of that power, there is no further ground for discussion of the case. In their final brief, appellants repeatedly urge that the trustee was plainly violating the provisions of the trust, because he was mortgaging more than four-fifths of the property in order to release only a part of the encumbrances. It is sufficient to reply, that the mortgage covers less than one-eighth of the land described in the trust deed. So far as appears from the record, this mortgage may have been the very best or the only measure then available to the trustee, in meeting his obligation to save the whole property ultimately for the owners, whose interests he represented.

The judgment appealed from is affirmed.

Gray, P. J., and Allen, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on December 9, 1905, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 8, 1906.