[Civ. S. C. 58.   Second Appellate District, Division One.—December 16, 1937.]

In the Matter of the Estate of LOUIS FRANKLIN BOUCHE, Deceased.   VICTOR   LOUIS   BOUCH,   as   Cotrustee, etc., Appellant, v. MARIE BOUCHE, as Cotrustees, etc., Appellant.

Goudge, Robinson & Hughes, David L. Bastedo and Charles M. Fueller for Appellant Victor Louis Bouch.

Gladys Towles Root for Appellant Marie Bouche.

DORAN, J.—By stipulation the two appeals herein are presented on the judgment roll. The facts are as follows:

Prior to June, 1917, one Victor Louis Bouch (hereinafter referred to as Victor Bouch) was the owner of certain real property located in the city of Winnipeg, Canada, described as: "Lot 175 in D.B.S. 84 St. James, plan 681, registered in the Winnipeg Land and Title Office as Certificate No. 273750." On June 22, 1917, said Victor Bouch delivered a deed of land conveying to Louis Franklin Bouche, his brother (hereinafter referred to as Louis Bouche), an undivided one-half interest in and to said property. The deed so made was neither recorded nor registered in the Winnipeg Land and Title Office.

Some time thereafter, namely, on or about November 1, 1928, said Victor Bouch made, executed and delivered to Louis Bouche an agreement which read as follows:

"Whereas, you are the owner of a half interest in the whole of Lot 175 in D.B.S. 84 St. James, plan 681, registered in the Winnipeg Land Titles Office as Certificate No. 273750 in the name of Victor L. Bouch, together with all buildings and appurtenances thereto, better known as 276–278 Spence Street, Winnipeg, Manitoba, Canada. All free of encumbrances.

"And WHEREAS, it is my desire to facilitate your coming into possession of this interest in cash at the earliest opportunity, I, for that purpose, beg to submit to you for your approval, the following proposition:

"(1) That we set on the property, a value of $15,000.00, your interest therein being $7,500.00 (Seventy five Hundred Dollars) as at this date, the 1st of November, 1928.

"(2) That, I pay you as conditions permit, various sums of money in reduction of the said sum of $7500.00 until this principal amount has been reduced to a point where we can obtain and place on the property, a first mortgage loan at Six per cent interest, the proceeds of which to be paid over to you in termination of your interest thereof, with the following proviso:

"(3) That, in the event of a sale of the property taking place, either before or after the consummation of the terms

of Art. 2, and the selling price being in excess of the sum of $15,000.00 hereinbefore set out as a valuation, you are to participate to the extent of one-half, in the difference between the $15,000.00 and the net proceeds of the sale; your share thereof to be paid you first, out of the proceeds of said sale.

"(4) That, I pay you interest from this date, (Nov. 1st, 1928) at the rate of Six per cent per annum, the first payment of which, to be made on January 1st, 1929, and thereafter in quarterly consecutive annual payments, on the balance of principal remaining unpaid.

"Should this meet with your approval, you may cash in the hereto attached initial cheque of $250.00 in accordance with the terms of Art. 2. Another cheque of like amount to follow on or before January 1st, 1929.

"I agree to the above. (Signed) VICTOR L. BOUCH."

Up until the time of the death of Louis Bouche, a total of $1450 on account of principal, together with all interest due, had been paid to him by Victor Bouch, and the interest of Louis Bouche in said Canadian property had not been terminated, but, in fact, remained an undivided one-half interest in and to the property.

Said Louis Bouche died testate in the county of Los Angeles, state of California, on April 6, 1932; thereafter, on May 5, 1932, proceedings were had in the Superior Court of Los Angeles County to probate the last will and testament of deceased, and to administer his estate situate in the state of California. Letters testamentary were granted to Marie Bouche (widow of decedent) and Victor Bouch; thereafter, on or about January 23, 1933, the court heard, allowed and settled their final account and entered the decree of distribution. Said decree of distribution, in addition to property specifically described, provided as follows: " . . . and any other property belonging to said estate, whether described herein or not, be distributed as follows. . . . All the rest, residue, and remainder of said estate to Marie Bouche and Victor Louis Bouch, as trustees, upon the following terms and conditions." Said Victor Bouch made no mention of the agreement above quoted relative to the Canadian property, in the proceedings in said estate, and no mention of said agreement was made in the final account. Marie Bouche had no actual knowledge of the agreement until some time after distribution of the California estate.

The issues of fact presented by the controversy which ensued between Marie Bouche and Victor Bouch concerning the obligation of the latter to the decedent on account of the agreement, were tried in two separate proceedings in the estate matter. In one proceeding Victor Bouch filed his first separate account and report as cotrustee of the California testamentary trust, including in the report, in addition to his account, a statement of the adverse claim made by Marie Bouche. The latter filed her objections to the report. The court found, in part, "that on the 23rd day of January, 1933, the entire residue of the above estate, whether known or unknown, was distributed to Marie Bouche and Victor Louis Bouch, as trustees, upon the trust in said decree of distribution provided and that said Marie Bouche and Victor Louis Bouch ever since said date have been and are now acting as trustees for the said property, whether known or unknown"; furthermore, "that Victor Louis Bouch and Marie Bouche were not fraudulent in their acts as Executor and Executrix, and the failure to mention said agreement was not due to mistake, but on the contrary, Victor Louis Bouch, in good faith, believed he was not obligated thereby to the estate", and the court concluded that the agreement was "an agreement of purchase and sale of the real estate, in said agreement described, and that as and when a good and sufficient conveyance of the interest of Louis Franklin Bouche, deceased, in and to said real estate is tendered to Victor Louis Bouch, Victor Louis Bouch will be obligated to pay the sum of $6,050.00, together with interest . . . from April 6, 1932, to the legal successor or successors of Louis Franklin Bouche, deceased". From the order settling said report and account, Victor Bouch, petitioner, and Marie Bouche, objector, have each appealed.

In the other proceeding, Marie Bouche filed her petition to reopen the probate of the estate, and for issuance of letters testamentary, claiming that Victor Bouch was obligated to the estate on account of the agreement relative to the Canadian property. Victor Bouch filed objections to said petition. The court concluded that the facts found justified the reopening of the estate for the purpose of administering newly discovered assets, and ordered that letters of administration *de bonis non* be issued to Germaine Bouche McCormack, daughter of the decedent. From the order made on

said petition, Marie Bouche and Victor Bouch have each appealed.

Marie Bouche also appeals from the order denying her motion for a new trial.

Appellant Victor Bouch contends, in substance, that the court sitting in probate acted in excess of its jurisdiction in reopening the settlement previously made; that the order made settling his account as testamentary trustee is uncertain, indefinite and unenforceable; that the order made directing the issuance of new letters in the estate matter is not supported by the findings of the trial court that all the property of the estate had been previously distributed; that there are no findings made which show a necessity for the issuance of new letters; and that the court erred in decreeing that the memorandum in question constituted an agreement of purchase and sale.

As above noted, the decree of distribution was entered January 23, 1933, and obviously had become final at the time the petition to reopen the probate of the estate and for letters testamentary was filed, to wit, on August 16, 1935. That the court has power to reopen the probate of an estate in proper cases there can be no question. Section 1067 of the Probate Code provides that final settlement of an estate shall not prevent a subsequent issue of letters testamentary "if other property of the estate is discovered, or if it becomes necessary or proper for any cause that letters should be again issued". However, with respect to this provision of the Probate Code, the Supreme Court in connection with a similar question there pending made the observation that, " . . . *the court should ordinarily proceed with considerable caution before declaring the necessity of reopening that which has apparently been completed and closed . . .*" (Italics added.) (*Estate of Den*, 3 Cal. (2d) 638, 641 [45 Pac. (2d) 963].)

In the case at bar the decree of distribution adequately provided, as hereinbefore noted, for the distribution of "any other property belonging to said estate, *whether described herein or not*", as well as for the distribution of "all the rest, residue, and remainder of said estate". (Italics added.) This provision of the decree vested in the trustees whatever estate the contract in question created. (*Humphry* v. *Protestant etc. Church*, 154 Cal. 170 [97 Pac. 187]; *Victor Hos-*

*pital Assn.* v. *All Persons,* 169 Cal. 455 [147 Pac. 124].)

█ When the assets of a trust are in jeopardy by reason of the inability or unwillingness of the trustee to act, or by reason of the adverse interest of the trustee, the law provides for the voluntary resignation, or, in proper cases, for the removal of such trustee or trustees by appropriate action, as well as for the appointment of others as trustees to fill vacancies thus created. No such procedure was attempted in the case at bar, notwithstanding the possible or likely complications which may follow an order to reopen an estate for further probate. Instead, the court found that the trustees, having "signified their intention of resigning as trustees of said trust estate, that Germaine Bouche McCormack, daughter of Louis Franklin Bouche, deceased, is a fit and proper person to act as Administratrix *De Bonis Non* of the newly discovered property and as trustee of the estate heretofore administered", and, after concluding that the facts found justified the reopening of probate, ordered that letters of administration be issued to said Germaine Bouche McCormack.

█ It was neither necessary nor proper, within the meaning of section 1067 of the Probate Code, for the court to reopen the probate proceeding in the matter of the estate, "for the purpose of administering newly discovered assets of said estate". The trustees by virtue of the general authority incident to such position and office were already vested with authority to commence and maintain the necessary and proper action for the recovery of any assets of the estate. (*Wood* v. *American Nat. Bank,* 125 Cal. App. 248, 256 [14 Pac. (2d) 110]; *Gilbert* v. *Penfield,* 124 Cal. 234, 238 [56 Pac. 1107]; *Kipp* v. *O'Melveny,* 2 Cal. App. 142, 144 [83 Pac. 264].)

It is unnecessary for the purpose of this appeal to determine whether the legal effect of the contract in question creates any property right or interest in the nature of an asset to which the estate is entitled; such question must be determined in another action or proceeding. Nor is it necessary to give consideration to the contention that vital issues, which appear inevitable in any action on said contract, were by the findings left undecided.

For the reasons hereinbefore stated all of the orders appealed from are reversed, with direction to the superior court to dismiss the proceedings relating to such orders.

York, P. J., and White, J., concurred.