[Civ. No. 3693.   Fourth Dist.   June 17, 1948.]

COY SWALLOW HOWE et al., Appellants, v. MRS. WALLA
BROCK et al., Respondents.

Solon S. Kipp and W. E. Starke for Appellants.

Maurice M. Sattinger for Respondents.

MUSSELL, J. pro tem.—This is an appeal from a judgment for defendants in an action to quiet title to a mining claim situated in the county of Imperial.

The complaint contains an allegation of ownership and right to the possession of the Swallow Placer Mining Claim described therein. It contains a general allegation that defendants claim some right, title, interest, estate or lien in or to the real property adverse to plaintiffs. Judgment is demanded that plaintiffs be declared the owners in fee and entitled to possession and that the claim of the defendants be declared to be without right, null and void. Defendants in their answer deny plaintiffs' allegation of ownership and right of possession; admit that the defendants claim some right, title and interest in the property adverse to plaintiffs and deny that said adverse claims are without right. Defendants ask that plaintiffs take nothing by their complaint.

Plaintiffs and appellants are the children of Charles H. Swallow and defendants and respondents are distributees of William J. Swallow, deceased.

William J. Swallow, his brother Charles H. Swallow, and six other persons located the mining claim described in the complaint on January 11, 1911, and on that date filed the notice of location in Imperial County.

William J. Swallow died intestate on December 17, 1922. His estate was duly probated in the county of San Diego and the decree of distribution was entered on January 7, 1927.

The decree did not describe the mining claim involved but it did contain a provision distributing all of the property of said estate whether described therein or not to the heirs at law of William J. Swallow.

By the terms of the decree Charles H. Swallow received 12/60 of the estate and the remainder was distributed to the defendants herein and others. Defendants' claim of ownership and title to their respective interests in the mining claim is founded on this decree.

On September 6, 1930, an amended notice of location of the claim purportedly executed by or on behalf of all of the original locators was recorded. This amended notice contained a recital that it was posted for the sole purpose of correcting an error in the original description and that the land discovered and located by the locators had been in their peaceable possession since the date of the original location.

Charles H. Swallow, who was then a distributee in the estate of his brother William, applied for, and on September 26, 1930, obtained an order of the Superior Court in San Diego County under and pursuant to the terms of which he was appointed administrator of the estate of his deceased brother William J. Swallow. The first probate proceeding was numbered 13689 and the second 17878 in the records of the superior court. The only property involved in the second probate proceeding was the undivided ⅛ interest of the decedent William J. Swallow in the mining claim.

A United States government patent to the claim was issued on November 19, 1931, to Charles H. Swallow and the heirs of William J. Swallow and others.

Charles H. Swallow as administrator in the second probate proceeding executed an agreement to sell a ⅛ interest in the mining claim to one John Bass for the sum of $100. This sale was confirmed by the court on December 18, 1931, and the administrator's deed to him was executed January 18, 1932. By a deed dated January 19, 1932, plaintiffs deeded their interest in the property to Charles H. Swallow. John

Bass conveyed all of his interest in the mining claim to Coy S. Howe, one of the plaintiffs, on April 19, 1932. These three deeds were all recorded on May 5, 1932, and on May 6, 1933, Charles H. Swallow executed a grant deed to plaintiffs of all property owned by him in the county of Imperial.

In the trial of the action plaintiffs abandoned all claim to a $7/8$ interest in the mining claim and the case proceeded to trial on the theory that only an undivided $1/8$ interest was involved and findings pertain only to the $1/8$ interest.

The court found that the defendants were owners of fractional parts of the $1/8$ interest obtained by them through the decree of distribution made and entered on January 7, 1927, in the probate of the estate of William J. Swallow, No. 13689, and that the court by the subsequent probate proceedings did not acquire any jurisdiction over the property involved. It was further found there was no valid reason or legal justification for the second probate proceeding by Charles H. Swallow and that he did not act in good faith in instituting such proceeding. The court also found that the record title to this property was attempted to be transferred from Charles H. Swallow in his representative capacity as administrator, to Charles H. Swallow as an individual, to the exclusion of all other heirs of William J. Swallow, deceased; that the plaintiffs were parties to such proceedings and that they came into equity with unclean hands.

Plaintiffs first contend that the evidence supports their claim of adverse possession and that the findings of the court to the contrary were erroneous.

The proof offered by plaintiffs of their claim of title by adverse possession was the .administrator's deed and the statement by one of the plaintiffs, Coy S. Howe, that subsequent to the time she received the deeds she exercised full and complete control of the mining property for and on behalf of her coplaintiffs and also paid all taxes against the property from the year 1935 to 1946 inclusive.

To establish title by adverse possession the plaintiffs must establish five elements in connection with their occupancy: (1) Possession must be by actual occupation under such circumstances as to constitute reasonable notice to the owner. (2) Possession must be hostile to the owner's title. (3) The holder must claim the property as his own, either under color of title or claim of right. (4) Possession must be continuous and uninterrupted for five years. (5) The

possessor must pay all of the taxes levied and assessed upon the property during the period. Unless each one of these elements is established by the evidence, the plaintiffs have not acquired title by adverse possession. (*West* v. *Evans,* 29 Cal.2d 414, 417 [175 P.2d 219].)

█ It was held in *West* v. *Evans, supra,* that the payment of taxes is not an act of ownership equivalent to possession.

No testimony was offered by plaintiffs to show that the property involved was actually occupied by them openly and notoriously or at all.

Since plaintiffs failed to prove actual occupation of the property, hostility of possession, open and notorious claim of title, or continuous and uninterrupted occupancy for five years their claim of adverse possession was not established.

█ In this connection it is apparent from the record that the relationship of cotenants existed between plaintiffs and defendants. Such title as plaintiffs acquired by reason of the conveyance from Charles H. Swallow, their father, stemmed from the interest he obtained as one of the original locators of the claim and from his share of the inheritance from the estate of William J. Swallow, the decedent. █ The exclusive occupancy by a cotenant is deemed permissive, it does not become adverse until the tenant out of possession has had actual or constructive notice that the possession of the cotenant is hostile to him. (*West* v. *Evans,* 29 Cal.2d 414, 418 [175 P.2d 219].)

█ Plaintiffs contend that no attack can be made on the order confirming the sale in the second probate proceedings under which they claim. Defendants' claim to title is based on the decree of distribution in the first probate proceeding. This was a final decree and effectively and finally disposed of all property belonging to the decedent at the time of his death. While the decree did not describe the mining claim herein involved it adequately provided, as herein before noted, for the distribution of "all other property belonging to said estate whether described herein or not" as well as for the distribution of "all the residue of the property of said estate." This provision vested in the distributees, including defendants herein, whatever title the decedent William J. Swallow had in the mining claim. (*Estate of Bouche,* 24 Cal.App.2d 86, 90 [74 P.2d 563].) Such decree of distribution, being final, is conclusive as to the rights of heirs, devisees and legatees. (Prob. Code, § 1021.)

It follows therefore that there was no estate belonging to the decedent which could be distributed in the second probate proceedings, and no title could be conveyed by the deed to Bass. ■ The probate court has not the power to declare the decedent to be the owner of property contrary to fact. The limit of its power is to determine the succession to such title as the decedent had at the time of his decease. (*Kauffman* v. *Meyberg*, 59 Cal.App.2d 730, 741 [140 P.2d 210].)

The trial court found that the second probate proceedings were entirely independent, separate and apart from the first probate proceedings; that no reference was made in the second proceedings as to the first probate proceedings; that there was no valid reason or legal justification for the instituting by Charles H. Swallow of the second and subsequent proceeding in total disregard of and without reference to the prior probate proceedings; and that Charles H. Swallow did not act in good faith in so doing.

We think this finding is amply supported by the evidence. Had the court been advised of the existence of prior probate proceedings when the second attempt was made to distribute the estate of William J. Swallow, obviously no second decree would have been granted.

■ It is the duty of a court of equity upon any suggestion that a plaintiff has not acted in good faith concerning the matters upon which he bases his suit, to inquire into the facts in that regard. It is not only fraud or illegality which will prevent a suitor from obtaining equitable relief. Any unconscientious conduct upon his part which is connected with the controversy will repel him from the forum whose very foundation is good conscience. (*DeGarmo* v. *Goldman*, 19 Cal.2d 755, 764 [123 P.2d 1].)

Judgment affirmed.

Barnard, P. J., concurred.

Griffin, J., being disqualified, does not participate herein.