WALTER B. FRASER v. FARMERS' & MECHANICS' SAVINGS BANK OF MINNEAPOLIS and Others.[1]

June 5, 1903.

Nos. 13,499—(85).

**Probate Court—Final Decree.**
    Final decree of a probate court construed, and *held* not to include the land in controversy in the action.

[1] Reported in 95 N. W. 307.

Application in the district court for Hennepin county to have registered the title to certain land. Defendant Daniel M. Robbins answered, claiming a lien upon the undivided two-thirds of said land. The case was tried before Simpson, J., who found in favor of plaintiff. From a judgment entered pursuant to the findings, defendant Robbins appealed. Affirmed.

*Fred W. Reed,* for appellant.

*Welch, Hayne & Hubachek,* for respondent.

BROWN, J.

Application to have registered title to certain real property under the Torrens system of land transfer; in which plaintiff had judgment, and defendant Robbins appealed.

The facts, which are practically undisputed, are as follows: Thomas W. Wilson was the owner of the land in question during his lifetime. It was his homestead, and by his last will and testament he devised the same to his widow, Florence A. Wilson. He died in July, 1891, leaving him surviving his widow, but no children. By his will he devised and bequeathed his real and personal property, after certain specific bequests, the homestead being one, to his widow and two sisters, share and share alike. Subsequent to his death his widow petitioned the probate court to set apart to her the land in question as the homestead, which she claimed both under the will and the statutes of the state. The other two legatees consented in writing that the prayer of the petition be granted, and the court made its order or decree assigning to and setting apart said land to the widow as the homestead. Two days thereafter a petition was duly presented to the probate court by the executors, one of whom was the widow, praying for a final distribution of the residue of the property of the estate; upon which the court thereafter made its final decree, in which a large quantity of real property owned by deceased is mentioned and described, but no express reference was made to the homestead. The final decree, so far as here important, is as follows:

"The court finds as conclusions of law that the said Florence A. Wilson, Rachel D. Wright, and Anna M. Raymond are the owners in fee simple of all the real property hereinbefore described, *and*

*of all the real property of which the said testator died seised, whether the same is described in the inventory herein or not."*

Subsequently defendant Robbins obtained a judgment against Mrs. Wright and Mrs. Raymond, legatees in the will, and it is contended in his behalf that the homestead, as well as all other real property of the deceased, was assigned by the final decree of the probate court to them; that by that decree they became the owners of two-thirds of the homestead, and the lien of his judgment attached thereto. Some time after the settlement of the estate in the probate court the widow conveyed the homestead to plaintiff in this action, and he is now the owner thereof, unless the contention of defendant Robbins is sustained. If the homestead was covered and included in the final decree, the judgment debtors, legatees in the will, became owners of two-thirds thereof, against which the judgment may be enforced.

The position of defendant Robbins, to the effect that the homestead was included in and assigned by the final decree of the probate court, is based on the clause thereof which we have italicised in the quotation above. We are unable to concur in his contention. It is not warranted by the plain facts of the case. The order and decree of the probate court setting apart the land in question to the widow as the homestead was made on December 6, 1892; the petition for a distribution of the residue of the estate was made two days later; and the final decree was granted on January 9, 1893. All the real property belonging to the estate, except the homestead, was specifically described and mentioned in the final decree which must be construed in connection with the prior order setting apart the homestead to the widow. The clause of the final decree which we italicized, namely, "and of all the real property of which the said testator died seised, whether the same is described in the inventory herein or not," was intended, not to cover or include the homestead, but such real property as might perhaps have been unintentionally omitted from the inventory. The petition for the final decree recites the fact that the land in question had been previously set apart to the widow; it is not expressly referred to by the probate court in its final decree; and that it

was not intended to be included therein is too clear to warrant serious doubt. The trial court found that the premises constituted the homestead of Wilson at the time of his death; that he died testate, devising the same to his widow; and that he left him surviving no children. The widow claimed the land, both under the will and the statutes in such cases provided, and by the decree of the probate court she became possessed of an absolute title thereto. She could thereafter occupy it as a home or not as her comfort or convenience might dictate, and it would not revert to the estate by her abandonment of it for that use. It was her property absolutely, there being no children, and she could make such disposition thereof as she saw fit. Wilson v. Proctor, 28 Minn. 13, 8 N. W. 830; Tracy v. Tracy, 79 Minn. 267, 82 N. W. 635.

The trial court was therefore right in its conclusions, and the judgment appealed from is affirmed.