[L. A. No. 2050.    Department Two.—August 19, 1908.]

EMILY A. HUMPHRY, Appellant, v. THE PROTESTANT ÉPISCOPAL CHURCH IN THE DIOCESE OF LOS ANGELES (a Corporation), Respondent.

ESTATES OF DECEASED PERSONS—DECREE OF DISTRIBUTION — OMNIBUS CLAUSE IN DECREE—LAND NOT PARTICULARLY DESCRIBED.—Where a petition for the distribution of the estate of a deceased person prays for the distribution of the residue of the estate remaining in the hands of the executor, and sets forth in its schedule certain parcels of real estate, a decree of distribution adjudging "that the residue of the estate hereinafter particularly described, and any other property not now known or discovered, which may belong to said estate, or in which said estate may have an interest," be distributed to a particular person, passes title to lands of the decedent omitted from the particular description. Such a decree is not void for uncertainty of description, the general description being sufficient upon collateral attack to include omitted lands which might be shown by evidence *aliunde* to have in fact belonged to the decedent at the time of his death.

ID.—INVALIDITY OF DECREE—COLLATERAL ATTACK.—On a collateral attack upon a decree of distribution, its invalidity or insufficiency in any respect must be made to appear on its face.

APPEAL from a judgment of the Superior Court of Santa Barbara County.  J. W. Taggart, Judge.

The facts are stated in the opinion of the court.

William G. Griffith, for Appellant.

B. F. Thomas, for Respondent.

HENSHAW, J.—This action was brought to determine title to an undivided one-tenth interest in lot No. 11 of the Ocean-side tract in the county of Santa Barbara.  The facts as to the title, over which facts there is no dispute, are the following:  Lot eleven, with other lots, was owned by Elizabeth A. Humphry at the time of her death.  Upon her death, intestate, an undivided one tenth descended to her sister, Mary E. Richardson.  Defendant acquired title to the other undivided nine tenths.  Mary E. Richardson died testate before defendant

had been able to secure a deed to her one tenth.  Defendant
did secure a deed to this one tenth from Mrs. W. N. Clothier,
sole heir at law of her mother, Mrs. Mary E. Richardson, but
by her will Mrs. Richardson had specifically devised her inter-
est in this lot in trust for the maintenance of her brother,
George Ellery, empowering the trustees to sell any or all real
estate whenever it might appear to them for the best interest
of the estate so to do.  If this trust was valid, Mrs. Clothier's
deed to defendant conveyed nothing.  The defendant likewise
obtained a deed to the same undivided one tenth from George
Ellery, the beneficiary under the trust, but indisputably George
Ellery had no title to convey, being a mere beneficiary, entitled
to the income or such portion of the principal as the trustees
might award for his support.  Thereafter Emily A. Humphry,
this plaintiff, obtained a conveyance from the executor and
trustee of the estate of Mary E. Richardson of all right and
title to the land in question, and she obtained a like deed from
all of the heirs at law of Elizabeth A. Humphry.  Subse-
quently, after settlement of the final account in the estate
of Mary E. Richardson, a petition for final distribution was
filed and the property was distributed.  The petition for dis-
tribution asked for the distribution of the residue of the
estate remaining in the hands of the petitioner, and set forth
in its schedule certain parcels of real estate, amongst which
was not enumerated lot eleven.  It alleged the transfer by
deed of all the estate's interest in the residue to Emily A.
Humphry, and prayed that there be distributed to Emily A.
Humphry "the whole of the said residue of the estate of said
decedent situated in said counties of Ventura and Santa Bar-
bara of the state of California."  The decree of distribution
adjudged "that the residue of said estate hereinafter partic-
ularly described, and any other property not now known or
discovered, which may belong to said estate, or in which said
estate may have an interest, be and the same is hereby dis-
tributed to the said Emily A. Humphry."  The decree in the
estate of Elizabeth A. Humphry likewise decreed distribution
to this plaintiff of all of the residue of the estate of the said
Elizabeth A. Humphry.

Upon the trial plaintiff relied for her title upon the decree
of distribution, contending that, under the clause above
quoted, she obtained title to the undivided one-tenth interest

in lot eleven, even though it had not been particularly de-
scribed in the petition for distribution.  By defendant it was
contended that there was not only a failure to distribute this
interest to plaintiff, but an intent not to distribute it, and
that therefore she took no title.   The court decreed that
neither plaintiff nor the defendant had title to the disputed
one tenth, and gave judgment for costs.  From this judgment
plaintiff appeals.

  If the decree of distribution is to be construed according to
its language, it certainly, in confirming title in Emily A. Hum-
phry, to "any other property not now known or discovered"
vested her with the title to the disputed undivided one tenth
of lot eleven.   The attack upon this decree of distribution
being collateral, its invalidity or insufficiency in any respect
must be made to appear on its face.   Respondent's contention
that there was a manifest design upon the part of the court in
probate not to distribute this undivided one tenth draws sup-
port only from the fact that in the petition for distribution
this undivided one tenth was not specifically described.   The
argument in this connection is that the proceeding is one *in
rem;* that an initiatory step to the obtaining of jurisdiction
is the filing of the petition; that the *res* over which the court
acquires jurisdiction is the property, and only the property
described in the petition for distribution.  But herein respond-
ents are in error.   The *res* in this case was the residue of the
estate, and, notwithstanding the omission of the petition spe-
cificially to describe the undivided interest in this lot, that the
court intended to distribute the whole residue whether de-
scribed or undescribed, known or unknown, is made plainly
manifest from the language which it employs.   Moreover,
upon final distribution it is the duty of the court to distribute
all of the residue to the persons entitled (Code Civ. Proc.,
sec. 1665), and its order and decree in this regard are con-
clusive as to the rights of the heirs, legatees, or devisees, and
those holding under them.  (Code Civ. Proc., sec. 1666.)   This
is the precise construction which was put upon a like decree of
distribution in *Smith* v. *Biscailuz,* 83 Cal. 344, [21 Pac. 15, 23
Pac. 314].  There, too, the decree distributed "other property
not known or discovered which may have belonged to the
decedent and in which his estate may have an interest," and
it was held that such a decree passed title to lands of the

decedent omitted from the particular description; that it was not void for uncertainty of description, the general description being sufficient upon collateral attack to include omitted lands which might be shown by evidence *aliunde* to have in fact belonged to the decedent at the time of his death.

It is not seriously disputed by respondents that if the decree of distribution be held to cover the disputed one-tenth interest, and to have in fact confirmed title to that interest in the plaintiff, such decree is free upon this collateral attack from any question as to the validity of the trust to George Ellery. It having been determined, as above set forth, that the decree does dispose of this land, it follows that the judgment of the trial court was erroneous. It is therefore reversed and the cause remanded.

Lorigan, J., and Sloss, J., concurred.