[L. A. No. 14476.   In Bank.—May 22, 1935.]

In the Matter of the Estate of NICHOLAS A. DEN, Deceased.   ALFONSO L. DEN et al., Respondents, v. CARRIE BELL LUTON, Appellant.

Heaney, Price & Postel and Clarence A. Rogers for Appellant.

Jerome H. Kann and Schauer, Ryon & McMahon for Respondents.

THE COURT.—This is an appeal from an order appointing Alfonso L. Den and Ysabella Den McDonald administrators with the will annexed of the estate of Nicholas A. Den, deceased, in the place and stead of administrator Richard O. Hyland, resigned, and dismissing the contest thereto instituted by the appellant, Carrie Bell Luton.

The decedent died in 1861 leaving practically all of the real and personal property owned by him to Jose Maria Hill and Charles E. Huse, as trustees, to be partitioned and administered by them as such trustees. A decree of final distribution was entered in 1875. The decree of distribution purported to distribute ''any other property not now known or discovered which may belong to the estate, or in which the estate may have any interest . . . in accordance with the terms of the will'', but failed to name any devisee or legatee to take any such undiscovered property. In fact, the language just quoted is qualified by the expression ''as follows'', after which two specific parcels of land are distributed to the trustees already mentioned. It may be added parenthetically that nowhere in the will is there a true residuary clause, and it is, to say the least, extremely doubtful if any interest in undescribed realty could have passed thereunder.

In 1921, according to the record, A. M. Ruiz petitioned for and was granted letters of administration with the will annexed for the purpose of administering on some property which it was alleged belonged to the estate, but which could only be determined by a court action. Subsequently Ruiz died and in 1930 Richard C. Hyland was appointed administrator with the will annexed to succeed him. In his petition Hyland alleged that there was property belonging to the estate which was unadministered, being the same property as described in the former petition of Ruiz. The court determined that the deceased left the property mentioned in the petition and that the estate was ''unadministered and

640

not closed''. The record does not show that there was any opposition to the petition of Ruiz or Hyland. In March, 1933, Hyland's resignation as administrator was filed. At the same time Alfonso L. Den, a son of the decedent, and Ysabella Den McDonald, a granddaughter, petitioned for letters with the will annexed to succeed Hyland. It was to this petition that the contestant, Carrie Bell Luton, another granddaughter, filed opposition on the ground that the property in question passed under the decree of distribution in 1875 and that there was no necessity for administering it.

The essence of appellant's claim is that all of the estate of the deceased passed by the decree of distribution, hence the probate court was without jurisdiction to appoint the respondents.

However, sections 1020 and 1021 of the Probate Code, formerly sections 1665 and 1666 of the Code of Civil Procedure, require the court to distribute the estate to the persons entitled and to ''name the persons and the proportions or parts to which each is entitled''. And it is the settled law that the decree of distribution is the instrument which determines and concludes the rights of the legatees and devisees. (See *Goad* v. *Montgomery,* 119 Cal. 552 [51 Pac. 681, 63 Am. St. Rep. 145], and *Wills* v. *Wills,* 166 Cal. 529 [137 Pac. 249].) The last cited case says: ''Only where by apt language the will is incorporated into the decree, as in *Goldtree* v. *Thompson,* 79 Cal. 613 [22 Pac. 50], may'' resort be had to the will. In other words, the will is only evidence upon which the court passes in rendering its judgment embodied in the decree. A careful scrutiny of the decree here involved discloses that no person was named to take the unknown or undiscovered property such as was the case in *Humphry* v. *Protestant etc. Church,* 154 Cal. 170 [97 Pac. 187]; *Osmont* v. *All Persons,* 165 Cal. 587 [133 Pac. 480], and *Victoria Hospital Assn.* v. *All Persons,* 169 Cal. 455 [147 Pac. 124]. In fact, if it were necessary to determine the question, we should be compelled to declare that when tested by the foregoing rules the decree here fails to include the clause ordinarily termed the omnibus clause. We do not deem such decision essential, however, for the reason that the question was submitted to the probate court upon the application of Ruiz for letters of administration, and that court concluded that the property or in-

terest described in the petition had not passed by the decree of distribution. It would seem that the question of the necessity for further administration had been settled by the order of 1921, which was permitted to become final.

█ Nor was the action of the trial court in this regard irregular. Section 1067 of the Probate Code provides that the final settlement of an estate shall not prevent a subsequent issuance of letters, "if other property of the estate is discovered, or if it becomes necessary or proper for any cause that letters should be again issued". While it may be said that the court should ordinarily proceed with considerable caution before declaring the necessity of reopening that which has apparently been completed and closed, yet the facts of the present situation bring it within the·purpose and scope of the section.

Judgment affirmed.