## MARY A. BAUMANN AND OTHERS v. CONRAD P. KATZENMEYER AND OTHERS.[1]

January 6, 1939.

No. 31,835.

[1]Reported in 283 N. W. 242.

*David T. Shay,* for appellants.
*Fred A. McGuire,* for respondent Jacob Gish.

PETERSON, JUSTICE.

This action was to foreclose a mortgage for $30,000, given to secure notes of $5,000 held by each of the plaintiffs other than Gish as administrator, who as such administrator claimed to be entitled to the interest of Alice Yaeger, Francis Siemering, Herman Siemering, and Mildred Siemering in a note in the sum of $3,333.34, executed by the defendants Katzenmeyer to William Vollbrecht as guardian of Alice Yaeger, Francis Siemering, Herman Siemering, and Mildred Siemering, minors. Mildred died at the age of 11 years, and her estate was probated in the probate court of LeSueur county. Mildred's interest in the note and mortgage was not specifically mentioned in the inventory or the final decree. The final decree assigned all Mildred's property, real, personal, and mixed, to her mother, Mary Siemering, as her sole heir. Thereafter the mother died intestate, and her estate was probated and all her property, real, personal, and mixed, was assigned to her children then living, Alice Siemering, now Yaeger, Francis Siemering, and Herman Siemering, as her heirs at law. It does not appear that Mildred or her mother left any debts. During their minority, Vollbrecht as their guardian advanced various sums of money to Alice, Francis, and Herman, and when they became of age he paid them the balance then due to them, which made the entire payments equal to the amount due under the note and mortgage payable· to him as their guardian, and took from them receipts in full, a release, and an oral agreement that they would execute to him an assignment of the note and mortgage. The receipts and release were filed with the probate court, and Vollbrecht was discharged from all liability as guardian. The former wards refused to execute the assignment of the note and their interest in the mortgage as they had agreed. In this action, Gish as the representative of the Vollbrecht estate, asks that as such administrator he be decreed to be the owner thereof. When the case came on for trial the appellants

did not appear, and the trial proceeded without them. All the plaintiffs except Gish dismissed the action as to them, and all the defendants except Alice Yaeger, Francis Siemering, and Herman Siemering were dismissed with respondent's consent upon their motion, leaving only Gish as the plaintiff and Alice Yaeger, Francis Siemering, and Herman Siemering as the defendants. Gish then asked the court not for a foreclosure of the mortgage but only that it decree him to be the owner of the interest in the note and mortgage of the defendants then before the court.

The court found the facts as stated and as a conclusion of law ordered judgment that Gish as the administrator of the Vollbrecht estate was entitled to all the interest of Alice Yaeger, Herman Siemering, and Francis Siemering in the note and mortgage, who appeal from the judgment. Appellants contend (1) that the court below erred in holding that Alice Yaeger, Francis Siemering, and Herman Siemering had succeeded to the right and title of Mildred Siemering in the note and mortgage for the reasons that the probate proceedings in Mildred's estate were void for failure to inventory and specifically describe the note and her interest in the mortgage; (2) that the settlement between the guardian and the wards upon their coming of age is void because it amounts to a sale of the note and mortgage of the wards to the guardian, which is prohibited by 3 Mason Minn. St. 1938 Supp. § 8992-90, which provides: "He shall not purchase any claim against the estate nor shall he purchase directly or indirectly or be interested in the purchase of any property sold by him"; and (3) that the proceedings taken at the trial were such a radical departure from the issues made by the pleadings as to amount to an entirely different action from that originally commenced and hence the court did not have jurisdiction to grant the relief which it did.

■ The final decree of distribution of the probate court in the Mildred Siemering estate was sufficient to assign all her interest in the note and mortgage to her mother. Mildred's death, her interest in the note and mortgage, and that her mother was her sole heir at law are not disputed. No creditors apparently complained. While indefinite provisions in decrees such as this have not been

commended, they have been sustained. It has been held that a final decree of the probate court distributing the known and unknown residue is sufficient to decree title to lands not described. Such a decree is not void for uncertainty of description, "the general description being sufficient upon collateral attack to include omitted lands which might be shown by evidence *aliunde* to have in fact belonged to the decedent at the time of his death." Humphry v. Protestant Episcopal Church, 154 Cal. 170, 97 P. 187, 188; accord, Victoria Hospital Assn. v. All Persons, 169 Cal. 455, 147 P. 124; Heydenfeldt v. Osmont, 178 Cal. 768, 175 P. 1. In Fraser v. Farmers' & M. Sav. Bank, 89 Minn. 482, 95 N. W. 307, we held that except where it appears it was not so intended, such a provision will include property unintentionally omitted from the inventory. Nor does the failure specifically to list the note and mortgage in the inventory render the administration void as to Mildred's estate in them. 2 Woerner, Am. Law of Adm. (3 ed.) § 315; Cooper v. Horner, 62 Tex. 356.

■ The statute prohibiting a representative from being interested in any claim against the estate or in the purchase of any property sold by him has no application to a final settlement between the representative and the wards after the latter have become of age to reimburse the former for advances made by him to his wards during the guardianship, since such a transaction is neither a claim against the wards' estate nor a sale of the wards' property by the guardian. The settlement is not attacked on any other grounds.

■ There was no departure from the issues made by the pleadings. The judgment was confined to one issue between the respondent and the appellants. The dismissals of parties plaintiff and defendant by consent were within the right of the parties to agree to dismissal. Appellants cannot complain that respondent did not insist on all the relief which he demanded under the pleadings.

Affirmed.

Mr. Chief Justice Gallagher took no part in the consideration or decision of this case.