**MUELLER v. MUELLER et al.**

No. 12098.

Circuit Court of Appeals, Eighth Circuit.

Jan. 19, 1942.

Edward H. Coulter, of Little Rock, Ark. (Kenneth W. Coulter, of Little Rock, Ark., on the brief), for appellant.

Nathan L. Schoenfeld, of Hot Springs, Ark., for appellees Eunice L. Mueller and Marian Gertrude Mueller.

Before GARDNER, SANBORN, and WOODROUGH, Circuit Judges.

SANBORN, Circuit Judge.

The question presented by this appeal is whether the decree of the trial court that Eunice L. Mueller is the owner of a $5,000 life insurance policy issued by the Equitable Life Assurance Society of the United States, a New York corporation (hereinafter called the insurer), to Ivan W. Mueller on June 15, 1924, can be sustained.

The action is one in interpleader brought by the insurer against Ivan W. Mueller, the insured; Gertrude Ann Mueller, his present wife; Grafton Thomas, Receiver; C. E. Yingling; and Edward Coulter, all of whom are alleged to be citizens of Arkansas; and Eunice L. Mueller, the former wife of the insured and the beneficiary named in the policy, and Marian Gertrude Mueller, a minor adopted daughter of the insured and Eunice L. Mueller. Eunice L. Mueller and Marian Gertrude Mueller are alleged to be citizens of the State of Washington. The purpose of the action is to secure a determination of the ownership of the policy above referred to. The complaint alleged the issuance of the policy, its history, and that on June 28, 1938, the District Court of Hennepin County, Minnesota, entered an order in the case of Ivan W. Mueller vs. Eunice L. Mueller, whereby Ivan W. Mueller was ordered to keep the policy in force and not to change the beneficiary; that on December 12, 1938, the Chancery Court of White County, Arkansas, in the case of Eunice L. Mueller v. Ivan W. Mueller, ordered Eunice L. Mueller to deposit the policy with the clerk of that court; that on January 9, 1939, the Chancery Court of White County, Arkansas, appointed Grafton Thomas receiver to procure from the insurer the loan value of the policy, and on January 21, 1939, entered an order determining that Ivan W. Mueller was the owner of the policy, and further ordered that the receiver expend the loan value of the policy for certain attorneys' fees and for support money for Marian Gertrude Mueller, the minor daughter of the insured, until she reached the age of 18 years; that thereafter the receiver and Ivan W. Mueller brought an action in the Chancery Court of Pulaski County, Arkansas, against the insurer and Eunice L. Mueller for the purpose of divesting all title to the policy out of Eunice L. Mueller and vesting it in Ivan W. Mueller, and secured a decree that he was the owner of the policy and that Grafton Thomas be discharged as receiver; and that on March 21, 1938, Ivan W. Mueller had requested the insurer to change the beneficiary named in the policy to his present wife, Gertrude Ann Mueller.

In this action the defendants Eunice L. Mueller and Marian Gertrude Mueller asserted that Eunice L. Mueller is the owner of the policy in suit by virtue of a judgment of the District Court of Hennepin County, Minnesota, entered on June 28, 1938, and that the judgments of the two Chancery Courts of Arkansas, referred to in the complaint, were void for fraud and for want of jurisdiction, and that those courts failed to accord full faith and credit to the judgment of the Minnesota court.

The defendants Ivan W. Mueller, Gertrude Ann Mueller, Grafton Thomas, Receiver, C. E. Yingling, and Edward H. Coulter asserted that the judgment of the Minnesota court was void because of uncertainty, since it did not describe the policy in suit, and that the judgment was merely interlocutory and was superseded by the judgment and order of the Chancery Court of White County, Arkansas, entered on January 21, 1939, and by the order of the Chancery Court of Pulaski County, Arkansas, of May 8, 1940. These defendants asked that Eunice L. Mueller be required to deposit the policy in court to abide the order of the court or that the insurer be required to issue a duplicate policy to Ivan W. Mueller, payable to whomever he might designate; that

the provisions of the decree of the Chancery Court of White County, Arkansas, that the loan value of the policy be paid to Thomas, as receiver, be declared inoperative, and that Thomas, receiver, be directed to abandon any claim to that fund and be relieved from any responsibility with respect thereto.

The trial court found, in substance, that the District Court of Hennepin County, Minnesota, in the action brought by Ivan W. Mueller against Eunice L. Mueller in 1936 for an annulment of their marriage, ordered that the policy in suit remain in the possession of Eunice L. Mueller, and that Ivan W. Mueller keep the policy in full force and effect and refrain from changing the beneficiary; that the parties to the action were both residents of Hennepin County, Minnesota, and that both appeared in person at the trial of the action in June, 1938; and that on June 28, 1938, that court finally adjudged that the policy was to remain in the possession of Eunice L. Mueller, and that she was the owner, and that Ivan W. Mueller was to keep the policy in force and payable to her. The court below ruled that the judgment of the Minnesota court was binding, and that the decrees of the Arkansas courts were void (1) for lack of jurisdiction over the policy in suit, (2) because of a lack of essential parties (the minor child and the insurer), and (3) because of a failure to accord to the judgment of the Minnesota court full faith and credit. The court below also ruled that the recitals in the decree of the Chancery Court of White County, Arkansas, showed that that court had been imposed upon with respect to the effect of the judgment of the Minnesota court, and that it further appeared that the decree of the Chancery Court of White County, Arkansas, was not supported by stipulation or testimony.

The only attack which the appellant makes upon the judgment of the Minnesota court is that it was interlocutory and was void for uncertainty.

It appears from the record that on November 18, 1936, the District Court of Hennepin County, Minnesota, in the action brought by Ivan W. Mueller against Eunice L. Mueller for an annulment of their marriage, entered an interlocutory order awarding temporary custody of the minor child, Marian Gertrude Mueller, to Eunice L. Mueller, providing that Ivan W. Mueller should pay to Eunice L. Mueller, for her support and that of the child, $16 a week, and should pay her attorney $25 on account of fees, and "that during the pendency of this action the insurance policies heretofore written in the Mutual Trust Life Insurance Company, the Equitable Life Insurance Company and the Wisconsin Life Insurance Company shall stand status quo and that said defendant [Eunice L. Mueller] shall not be compelled or ordered to deliver said policies to said plaintiff."

It further appears from the record that the District Court of Hennepin County, Minnesota, tried the case of Ivan W. Mueller v. Eunice L. Mueller, above referred to, on the 30th day of September, 1937, and filed its findings of fact on November 24, 1937, in which it found that the parties were residents of Minneapolis, Minnesota, and were husband and wife; that they had adopted Marian Gertrude Mueller, who was ten years of age; that the plaintiff had failed to establish grounds for the annulment of the marriage and was not entitled to an annulment of it; that it was impossible for the parties to live together; that the defendant (Eunice L. Mueller) was without means to support herself and the minor child; that they were entitled to receive support from Ivan W. Mueller; that $18 a week was a reasonable amount for him to pay for their support; and that Eunice L. Mueller was entitled to have him pay the fees of her attorney and her expenses of suit. The conclusions of law of the District Court of Hennepin County were that Ivan W. Mueller was not entitled to an annulment of the marriage, that he pay $18 a week for the support of Eunice L. Mueller and the minor child from November 29, 1937, so long as the parties lived apart or until the further order of the court, that Ivan W. Mueller pay Eunice L. Mueller's attorney $150 as attorney's fees, and that Ivan W. Mueller pay Eunice L. Mueller $69 suit money. A final judgment and decree was entered in accordance with these findings of fact and conclusions of law on December 28, 1937.

It further appears from the record that on June 23, 1938, the case of Ivan W. Mueller v. Eunice L. Mueller, above referred to, came on to be heard before the District Court of Hennepin County, Minnesota, on a motion of the plaintiff for an order reducing the amount which he was required to pay the defendant, Eunice L. Mueller, as support money for herself and the minor child, and on motion of the defendant that the plaintiff be adjudged in contempt of

court. It further appears from the record that that court, on June 28, 1938, found that the parties were still husband and wife; that on October 16, 1936, the plaintiff had instituted an action for the annulment of the marriage, which was tried September 30, 1937; that the court had found in favor of the defendant and had directed the plaintiff to pay her $18 a week as support money for herself and the minor child while the parties continued to live apart; that the plaintiff made payments to April 14, 1938, when he began paying only $6 a week and refused to pay more; that on January 25, 1938, the plaintiff went to Arkansas and there instituted a divorce action against his wife and procured a decree of divorce; that thereafter, upon an ex parte application of Eunice L. Mueller, the decree of the Arkansas court was vacated, "it appearing that plaintiff's cause in said action was replete with fraud;" that the plaintiff had paid the defendant in open court at the commencement of the hearing $138, "that being the amount necessary to complete the payments ordered to be paid by this Court in the annulment action in full to July 1, 1938, and further promised obedience to all Court orders hereafter;" and that at the time of trial of the annulment action the plaintiff had been earning $200 a month, but that since that time his salary had been reduced to $150 a month. The "Conclusions of Law" of the court were:

"As Conclusions of Law the Court hereby makes and files the following:

"That henceforth and beginning July 1, 1938, the plaintiff pay to the defendant herein, on account of support money for said defendant and said minor child, the sum of $16 per week.

"That plaintiff pay to defendant's attorneys herein, on account of attorney's fees in this matter, the sum of $50 at the rate of not less than $8 per month.

"That plaintiff keep in force two policies of insurance now being carried by him wherein his wife is beneficiary, and that he does not undertake to change the beneficiary from his said wife; that if attempt has been made heretofore to make such change that plaintiff cancel the same and reinstate the said wife as beneficiary in said policies.

"That plaintiff is hereby adjudged guilty of contempt of Court both on account of failure to pay support money as ordered and on account of the institution of the divorce action in the State of Arkansas.

"That sentence be deferred for the period of one year."

Following these findings of fact and conclusions of law was this "Memorandum": "It is impossible to escape the conclusion that defendant is guilty of contempt of Court. He deliberately, on his own motion, undertook to cut the amount ordered to be paid from $18 per week to $6 per week. He went to another State, procured a fraudulent decree of divorce, and almost immediately married another woman. His tardy payment of past due support money is in character only mitigating. His venture into another state resulted in considerable loss to him financially, the disbarment of his attorney in that state, as well as causing his wife expense and annoyance and imposing on this Court the necessity of spending time in upholding the integrity of its orders. His present recognition of the orders of this Court, as well as practical considerations of the necessity of support for himself and his wife and child, appear to justify the above disposition."

The findings of fact, conclusions of law, and memorandum of the District Court of Hennepin County, Minnesota, above described and quoted from, were entitled, "Final Judgment, Findings of Fact and Conclusions of Law," and the record on appeal in this Court recites, "Final judgment rendered in said cause * * * on June 28, 1938."

It is obvious, we think, that the District Court of Hennepin County, Minnesota, tried upon the merits, on September 30, 1937, the annulment action brought by Ivan W. Mueller against his wife, Eunice L. Mueller, and that, on December 28, 1937, it entered a judgment therein which was binding upon both of them, and that thereafter, on application of Ivan W. Mueller for a reduction of the weekly amount which he was required to pay his wife for her support and that of their child, and upon his wife's application that he be adjudged in contempt, that court, on June 28, 1938, modified the judgment by reducing the payments of support money to $16 a week, and incorporated a provision that the two policies of insurance which Ivan W. Mueller was then carrying should be kept in force by him for her benefit, and that this was the final disposition of the case. Clearly, the effect and intent of the judgment of December 28, 1937, as modified on June 28, 1938, was to vest all beneficial interest in the policies referred to in the

order of June 28, 1938, in Eunice L. Mueller.

■ The contention of the appellant that the judgment of the District Court of Hennepin County, Minnesota, should be held void for uncertainty, we regard as without substantial merit. The interlocutory order of that court dated November 18, 1936, described three policies, one of which was a policy of the Equitable Life Assurance Society, and all of which were evidently in the possession of the wife and payable to her. The District Court of Hennepin County by its order of June 28, 1938, required that Ivan W. Mueller "keep in force two policies of insurance now being carried by him wherein his wife is beneficiary, and that he does not undertake to change the beneficiary from his said wife; that if attempt has been made heretofore to make such change that plaintiff cancel the same and reinstate the said wife as beneficiary in said policies." It is a reasonable inference that one of the three policies referred to in the interlocutory order of November 18, 1936, had been dropped, but that the Equitable policy was one of those referred to in the order of June 28, 1938, as being carried by Ivan W. Mueller. The insurer in its complaint recognizes that the policy in suit was one of those referred to in the order of June 28, 1938. Ivan W. Mueller recognized it by attempting to divest title out of Eunice L. Mueller in the two subsequent proceedings in Arkansas, and also recognized it by contesting this case and demanding that Eunice L. Mueller surrender the policy. As between the parties to the suit in the District Court of Hennepin County, we think there would be no justification for holding that the final judgment entered in that suit was void because the policies referred to were not more definitely described. It is to be noted that the appellant does not contend that the policy in suit here was not covered by the judgment of the District Court of Hennepin County, but only that the judgment is void for uncertainty.

■ The rule is that where a charge of uncertainty is made against a judgment, the entire record may be resorted to for the purpose of removing the uncertainty. Upton v. Merriman, 122 Minn. 158, 142 N.W. 150, and evidence outside of the record may be resorted to to show that property generally described in a judgment includes specific property. Baumann v. Katzenmeyer, 204 Minn. 240, 283 N.W. 242, 120 A.L.R. 627; Fraser v. Farmers' & Mechanics' Savings Bank, 89 Minn. 482, 95 N.W. 307.

■ It is our conclusion that the court below was justified in ruling that the effect of the proceedings in the District Court of Hennepin County, Minnesota, was to vest in Eunice L. Mueller all beneficial interest in the policy in suit, and that the subsequent proceedings conducted in the Arkansas courts by Ivan W. Mueller for the purpose of divesting her of that interest were ineffectual.

■ Article IV, § 1, of the Constitution of the United States requires that judicial proceedings in each State shall be given full faith and credit in the courts of every other State. Congress has provided that judicial proceedings authenticated as required shall have such faith and credit given to them "in every court within the United States as they have by law or usage in the courts of the State from which they are taken." 28 U.S.C.A. § 687. That statute extends the rule of the Constitution to all courts, federal as well as state. Davis v. Davis, 305 U.S. 32, 40, 59 S.Ct. 3, 83 L.Ed. 26, 118 A.L.R. 1518.

■ It is obvious that the courts of Arkansas under the decrees procured by Ivan W. Mueller, by virtue of which he claims to have divested his former wife of all interest in the policy in suit, gave no credit or effect to the judgment of the District Court of Hennepin County, Minnesota. The court below, in determining ownership of the policy, gave that judgment credit and effect, as it was required to do.

■ The decree of the Chancery Court of Pulaski County, Arkansas, was, of course, not binding upon Eunice L. Mueller, who was not served with process and did not appear in the suit, which sought a personal judgment. Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565; Haddock v. Haddock, 201 U.S. 562, 26 S.Ct. 525, 50 L.Ed. 867, 5 Ann. Cas. 1; Bank of Jasper v. First National Bank, 258 U.S. 112, 42 S.Ct. 202, 66 L.Ed. 490; Hansberry v. Lee, 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22, 132 A.L.R. 741. Whether the Chancery Court of White County, Arkansas, could, on motion of Ivan W. Mueller, the defendant, convert an original action[1] brought by Eunice L. Mueller, as plaintiff,

---

[1] See Pope's Digest of the Statutes of Arkansas, §§ 8246, 8248-8252; Bank of Russellville v. Walthall, 192 Ark. 1111, 96 S.W.2d 952; Coulter v. Martin, 200 Ark. 1189, 139 S.W.2d 688.

for the sole purpose of vacating a decree of divorce, into a suit to try title to this insurance policy,[2] and whether that court, after dismissing the complaint because the plaintiff refused to deposit the policy with the clerk of that court, could proceed to adjudicate the question of title to the policy,[3] and whether the decree of that court determining title to the policy has a sufficient basis,[4] we think need not be discussed. See and compare, Thompson v. Thompson, 226 U.S. 551, 33 S.Ct. 129, 57 L.Ed. 347; Barber v. Barber, 21 How. 582, 16 L.Ed. 226; Lynde v. Lynde, 181 U.S. 183, 21 S.Ct. 555, 45 L.Ed. 810; Sistare v. Sistare, 218 U.S. 1, 30 S.Ct. 682, 54 L.Ed. 905, 28 L.R.A., N.S. 1068, 20 Ann.Cas. 1061; Haddock v. Haddock, 201 U.S. 562, 26 S.Ct. 525, 50 L.Ed. 867, 5 Ann. Cas. 1; Davis v. Davis, 305 U.S. 32, 59 S.Ct. 3, 83 L.Ed. 26, 118 A.L.R. 1518; Blauvelt v. Blauvelt, 199 Ark. 710, 136 S.W.2d 201; Ashton v. Ashton, 192 Ark. 774, 94 S.W.2d 1033.

The judgment appealed from is affirmed.

[2] See Reynolds v. Stockton, 140 U.S. 254, 268, 11 S.Ct. 773, 35 L.Ed. 464; Ex Parte Indiana Transportation Company, 244 U.S. 456, 458, 37 S.Ct. 717, 61 L.Ed. 1253.

[3] See Livingston v. New England Mortgage Security Co., 77 Ark. 379, 91 S.W. 752; Norton v. Hutchins, 196 Ark. 856, 120 S.W.2d 358; Dulion v. S. A. Lynch

Enterprise Finance Corp., 5 Cir., 53 F.2d 568, 82 A.L.R. 509.

[4] See Reynolds v. Stockton, 140 U.S. 254, 264, 268, 269, 11 S.Ct. 773, 35 L. Ed. 464; Radford v. Myers, 231 U.S. 725, 733, 34 S.Ct. 249, 58 L.Ed. 454; Bates v. Bodie, 245 U.S. 520, 526, 38 S.Ct. 182, 62 L.Ed. 444, L.R.A.1918C, 355; International Life Ins. Co. v. Sherman, 262 U.S. 346, 351, 43 S.Ct. 574, 67 L.Ed. 1018.