Stella PRUSA and Christine Prusa,
Plaintiffs in Error,

v.

Stewart R. BEASLEY, Defendant in Error.

No. 37563.

Supreme Court of Oklahoma.

Oct. 21, 1958.

Rehearing Denied Dec. 23, 1958.

Application for Leave to File Second Petition
for Rehearing Denied Feb. 17, 1959.

John B. Ogden, Oklahoma City, for plaintiffs in error.

Kenneth Reed, Perry, for defendant in error.

WILLIAMS, Justice.

This action was brought by Stewart R. Beasley, hereinafter referred to as plaintiff, against the known and unknown heirs, executors, administrators, devisees, trustees and assigns, immediate and remote, of Mamie D. Walker, sometimes known as Mamie Dixon Walker, deceased, Fanny Prusa, deceased, and Anton Prusa, deceased, Stella Prusa, Christine Prusa, and certain other parties whose names are immaterial here, to quiet title to certain real property located in Noble County, Oklahoma.

Plaintiff's petition alleged in substance that the premises involved were owned by Mamie D. Walker; that upon the death of Mamie D. Walker in April, 1938, her husband, C. L. Walker, became vested with the title to said premises by virtue of the laws of succession of the State of Oklahoma; that upon the death of C. L. Walker in January, 1939, Lavina Crowder, now Lavina Crowder Phenis, became vested with the title to said premises by virtue of the terms of the last will and testament of the said C. L. Walker; that plaintiff became vested with the title to said premises by virtue of a deed from Lavina Crowder Phenis and her husband; that during her lifetime, Mamie D. Walker and her husband, C. L. Walker, executed a real estate mortgage covering the premises involved on March 17, 1928, to Fanny Prusa, which mortgage had been kept alive by payments thereon by the Walkers during their respective lifetimes; that after the death of C. L. Walker, Fanny Prusa went into possession of the property involved, as mortgagee in possession, to collect rents and profits for the purpose of retiring the note and mortgage held by her; that defendants Stella Prusa and Christine Prusa collected the rents and profits from the premises involved as agents of Fanny Prusa, the mortgagee, until the date of her death in 1942, and thereafter collected the same for themselves as heirs at law of Fanny Prusa, deceased; that defendants have no color of title to the premises involved, their only interest being by virtue of said mortgage; that in collecting said rents and profits from such premises defendants were acting as trustees for C. L. Walker, his heirs, devisees, trustees, and assigns; that defendants should be required to account for the rents and profits collected by them; that if the rents and profits collected by defendants have been sufficient to satisfy the above referred to note and mortgage, together with the interest, taxes and other proper charges, that the mortgage be cancelled of record; that if there is still in fact any sum due on said note and mortgage, plaintiff tenders the same into court, and upon such payment, such mortgage should be declared cancelled and set aside. Such petition prayed for possession of the premises, for cancellation of said mortgage, that plaintiff's title be quieted, and that the court judicially determine the heirs of Mamie D. Walker, Fanny Prusa and Anton Prusa, each deceased. The petition was filed on May 24, 1952, and summons thereafter issued and served upon the defendants Stella Prusa and Christine Prusa personally.

On July 10, 1952, defendants filed for record, an assignment of the mortgage in question from Fanny Prusa to Christine Prusa, which assignment was dated August 16, 1941. After the filing of such assignment, which placed the record ownership of the mortgage in question in Christine Prusa, and therefore made a determination of heirship of Fanny Prusa and Anton Prusa and a judgment against Stella Prusa unnecessary so far as the perfecting of plaintiff's title was concerned, plaintiff in open court moved to dismiss the cause as to the known and unknown heirs, etc.,

of Fanny Prusa and Anton Prusa, deceased, and as to Stella Prusa, individually. The court then, on July 14, 1952, made an order dismissing the cause as to the defendants Stella Prusa, and the known and unknown heirs, executors, administrators, devisees, trustees and assigns, immediate and remote, of Fanny Prusa, deceased, and Anton Prusa, deceased. Such order did not purport to dismiss the cause as to the defendant Christine Prusa, and the last paragraph of such order specifically ordered that defendant Christine Prusa be given 20 days from that date in which to answer in the cause. Thereafter, and on August 2, 1952, Stella Prusa and Christine Prusa filed in such cause their verified answer in which they alleged that they withheld possession of the premises described in plaintiff's petition and that they had been in the open, notorious and adverse possession of such premises since the year 1928. Plaintiff filed a reply to such answer denying that defendants had any color of title whatsoever, or ever held the premises involved openly, notoriously and adversely to plaintiff or to any of his predecessors in title and alleging that the only possession defendants ever had has been that of mortgagee in possession, to impound and collect the rents, and that such possession has been for a period of time far less than 15 years.

The cause came on for trial to the court on November 10, 1952, upon the issues so made up, at which time some question was raised as to whether or not the defendant Stella Prusa was still a party to the action. Defendant Stella Prusa then entered her general appearance in open court and was by stipulation and agreement of the parties reinstated as a party defendant. Trial was had to the court and on December 1, 1952, the court announced findings of fact in substance as follows: That C. L. Walker and his wife executed to Fanny Prusa, mother of the present defendants, a mortgage dated March 17, 1928, in the sum of $3,500; that the mortgagors remained in possession of said premises, and rented and collected the rents and profits until the dates of their respective deaths; that after the death of Mrs. Walker, C. L. Walker, her husband, who survived her, executed a lease to part of the premises until his death in 1939; that the defendants entered into a contract in writing with one of the tenants of the said C. L. Walker subsequent to the death of C. L. Walker, which acknowledged the lease executed by C. L. Walker, and that the defendants by their predecesser, Fanny Prusa, affirmed the terms of said lease which acknowledged the possession of C. L. Walker; that in 1941, the owner of the mortgage, Fanny Prusa, assigned said mortgage to Christine Prusa, and that the Prusas again, by their contract and assignment, recognized their possession in relation to the property involved as that of mortgagee in possession; that it is necessary to determine by an accounting the respective rights of the parties to the action. The court then continued the matter for the purpose of an accounting, and thereafter appointed a referee to conduct such accounting. After the accounting was completed by the referee and report made to the court, the court approved the referee's report and rendered judgment quieting plaintiff's title to the property involved, adjudging that the possession of defendants is that of mortgagees in possession of said premises for the purpose of retirement of the mortgage indebtedness, finding that there is now due and owing on said note and mortgage, the principal sum of $3,996.79 together with interest computed to the 16th day of May, 1956, after all credits have been applied for the collection of rents and profits, decreeing such amount to be due and owing defendants on the mortgage in question and that such defendants have a first lien on said premises until such sum shall be paid and that the possession of the property remain in defendants until the full amount of the mortgage, in the sum of $3,996.79, and the interest thereon, be paid.

Defendants' motion for a new trial was overruled and they bring this appeal.

As their first proposition of error defendants assert that since neither plaintiff nor his predecessor in title, Lavina Phenis, nee Lavina Crowder, was ever in possession of the property involved herein or ever took any rents or profits therefrom, the deed from Lavina Phenis to plaintiff was absolutely void as to defendants, they being in adverse possession, such deed being champertous and in violation of the statutes of Oklahoma.

In support of such proposition defendants cite Huston v. Scott, 20 Okl. 142, 94 P. 512, 35 A.L.R.,N.S., 721; Welch v. Langley, Okl., 264 P.2d 347; Red Bed Royalty Company v. Phelan, 192 Okl. 210, 134 P.2d 969; Davis v. Manhard, 172 Okl. 85, 45 P.2d 1095, and Setterstrom v. Phelan, 182 Okl. 453, 78 P.2d 415, all of which cases clearly state the general rule that a deed to real property by a grantor out of possession who has not been in possession for a year next preceding date of conveyance, or has not within a year taken rents and profits, or those under whom he claims, is void as against any person or persons in adverse possession.

In making such contention, defendants ignore the fact that the rule announced in the above cases applies only to persons holding adversely to the owner thereof and ignore the specific findings of the trial court that defendants were not holding the premises involved in adverse possession but were holding as mortgagees in possession. In the opinion in Huston v. Scott, supra, this court said [20 Okl. 142, 94 P. 518]:

"For the deed in this case is not void as between the grantor and grantee, nor due to any disability of either the former to make the transfer, or the latter to take the title. The disability does not lie there, but is inherent in the condition of the land itself, which being held adversely under color of title, the conveyance thereof is void as against such occupant * * * It is a transfer of land in adverse possession against which the statute animadverts; but the deed made between the parties is good as between them and to all the world."

Virtually the same contention was made in the case of Gillett v. Romig, 17 Okl. 324, 87 P. 325, 329, and in the opinion therein the court said:

"It is contended by appellees that the transfer of the land in controversy from the appellant, Myrtle Gillett, to Rush and Sanders pending this litigation, was void as against the rights of the mortgagee, and his grantee, Harding, who was in possession of the premises. But this contention, we think, is untenable, because Harding cannot hold the premises in controversy adverse to the rights of the mortgagor or his grantee, Myrtle Gillett. The rights of a mortgagee in possession are not adverse, and cannot be adverse to the rights of the mortgagor or his grantees. In 20 A. & E. Enc. Law, p. 975, the rule is thus stated: 'The possession by either the mortgagor or the mortgagee of the land covered by the mortgage is not adverse as to the other, at any rate until after the mortgage is repudiated by the mortgagor, or the mortgagee has in some manner asserted an absolute title in himself to the property in his possession, or his claim is satisfied. In this respect the relationship existing between them is analogous to that of a trustee and his cestui que trust.' In 1 Cyc. p. 1071, this rule is laid down: 'So long as the relation of mortgagor and mortgagee exists, the possession of the mortgagee is not adverse to the mortgagor.'

"The possession of the mortgagee, in this case, and his grantee, Harding, being based upon a foreclosure proceeding that is a nullity, in such circumstances their rights could not be adverse to the rights of the mortgagor or his grantees, and their rights are to be determined merely as mortgagees in possession."

We find no merit in the first proposition.

As their second proposition of error, defendants assert that the probate proceedings had in the estate of C. L. Walker, deceased, did not transfer or convey the property involved to Lavina Phenis, nee Lavina Crowder, for the reason that C. L. Walker did not own the property, and for the further reason that the property involved was not listed in the inventory, appraisement, final report, or decree of distribution in the probate of the will of C. L. Walker.

The record herein reveals that the property involved was owned by Mamie D. Walker, who died seized and possessed of the same in April, 1938, leaving as her sole and only heir at law, her husband, C. L. Walker, who became vested with title to said premises by virtue of the laws of succession of the State of Oklahoma. The assertion that C. L. Walker did not own the property is, therefore, completely without foundation.

■■ With regard to the probate proceedings in the estate of C. L. Walker, the record reveals that C. L. Walker left a will, which was duly allowed and proven as his last will and testament and admitted to probate in the County Court of Noble County. Such will, after directing the payment of funeral expenses, burial expense and the placing of grave markers, provides:

"The balance of my property to be given to Lavina Crowder, my faithful friend in all of my sorrow."

The final decree entered by the County Court of Noble County in the Matter of the Estate of C. L. Walker, deceased, finds, among other things, that Lavina Crowder was the sole and only legatee and devisee under the will of said C. L. Walker, and provides:

"It is further ordered, adjudged and decreed that by the will of decedent all the property belonging to decedent was demised and bequeathed to Lavina Crowder and that any property hereinafter discovered, if any, after payment of debts and obligations of said estate, be set over to said Lavina Crowder."

Such was obviously sufficient to establish title to the property here involved in Lavina Crowder, even though such property was not described in the inventory and appraisement. 84 O.S.1951 § 166; 58 O.S.Supp.1957 § 692.1; Baumann v. Katzenmeyer, 204 Minn. 240, 283 N.W. 242, 243, 120 A.L.R. 627; In re Bouche's Estate, 24 Cal.App.2d 86, 74 P.2d 563; Heydenfeldt v. Osmont, 178 Cal. 768, 175 P. 1; Victoria Hospital Ass'n v. All Persons, 169 Cal. 455, 147 P. 124; Humphrey v. Protestant, etc., Church, 154 Cal. 170, 97 P. 187. We find no merit in the second proposition.

As their third, fourth and fifth propositions of error, defendants assert that plaintiff is barred by laches and by the statute of limitations and that defendants have been in continuous, constant and uninterrupted and notorious possession of the property involved for more than fifteen years and have acquired title by prescription.

■ In support of these propositions, defendants assert that they have been in possession of said property, claiming the same and holding themselves out to the world as being the owners thereof since 1929, paying the taxes thereon, and maintaining the property, and that neither plaintiff nor his predecessors in title made any claim to the property from 1929 until the filing of this suit in 1952. The record, however, does not support such assertion. On the contrary, the evidence reveals, and the trial court found, that the Walkers remained in possession and control of the property involved, rented and collected the rents and profits from the same, and paid most of the taxes thereon, until the dates of their respective deaths; that defendants did not acquire possession of the property until after the death of C. L. Walker in 1939, and that such possession was acquired under a written agreement with one of the tenants of C. L. Walker,

which agreement, in effect, acknowledged the ownership of C. L. Walker, and particularly specified the status of defendants as being that of holder of a first mortgage; that in 1941, Fanny Prusa assigned the mortgage in question to Christine Prusa, which in effect recognized their position in relation to the property involved as that of mortgagees in possession. Under such circumstances there can be no merit in the third, fourth and fifth propositions.

Defendants' remaining propositions of error have not been separately briefed, but have nevertheless been examined and found to be not supported by the record, and without substantial merit.

Judgment affirmed.