2005 OK CIV APP 76

## In the Matter of the ESTATE OF George F. CARNES, Deceased.

**Dennis Carnes, Appellant,**

v.

**Gail Carnes, and the Estate of George F. Carnes, Appellees.**

**No. 100,702.**

Court of Civil Appeals of Oklahoma, Division No. 2.

Oct. 13, 2005.

partition between the ex-spouses, who are considered joint tenants or tenants in common...." (Citations omitted.)

Gerald J. Lovoi, Tulsa, OK, for Appellant.

Jon B. Wallis, Tulsa, OK, for Appellees.

Opinion by JANE P. WISEMAN, Judge.

¶ 1 This is an appeal by Dennis Carnes, an heir to the estate of George F. Carnes, from the trial court's decision dismissing his motion to reopen the estate. For the following reasons, we affirm.

## FACTS

¶ 2 Mr. Carnes died in 1996. The parties to this appeal are his heirs: Gail Carnes, his brother and personal representative of his estate, and Dennis Carnes, his oldest son. Another son, Larry Carnes, is not a party to this appeal. For ease of reference, we will refer to the parties by their first names.

¶ 3 Mr. Carnes left a will, bequeathing two pieces of jewelry to Gail, and dividing the rest of his property in equal shares to Dennis and Larry. The trial court admitted the will to probate.

¶ 4 Gail filed a final accounting, listing among the estate's assets a bank account, some partnership interests, stock, oil and gas interests, and three acres of real property. On August 12, 1998, the trial court entered an order and final decree approving Gail's final account and ordering the distribution of assets per the will. The order also stated that all property of Mr. Carnes not described in the final account or the decree was vested in and distributed to Dennis and Larry. The assets were then distributed.

¶ 5 On August 11, 1999, Dennis filed a handwritten "Objection" to the distribution of the assets, asserting Gail had acted improperly. Larry also filed a request for an accounting. On August 31, 1999, the trial court entered a minute order striking the objection "pending filing of a motion to set aside."

¶ 6 There is no record of any further filing for the next four years. Then, on August 28, 2003, Dennis filed a handwritten "Motion to Reopen," stating he objected to Gail's accounting, inventory, and distribution of the property.

¶ 7 Gail filed a motion to dismiss, arguing that Dennis' motion was time-barred under 12 O.S.2001 §§ 1031.1 and 1038. Under Section 1031.1, a trial court has 30 days to vacate its judgment. Under Section 1038, the trial

court has from one to three years to vacate a judgment filed in accordance with 12 O.S. 2001 § 1031, depending on the grounds for vacation. Without dispute, the trial court's final order had been issued less than a year before Dennis filed his 1999 "Objection," and more than five years before he filed his 2003 "Motion to Reopen."

¶ 8 Dennis filed a response, asserting the trial court had continuing jurisdiction and could reopen a probate upon discovery of fraud. Dennis did not specifically allege fraud, but asserted Gail had failed to distribute some of the estate's assets. He attached to his response several documents, mostly dealing with money owed to various partnerships in which Mr. Carnes had an interest. The trial court's 1998 final order provided that Mr. Carnes' interest in those partnerships be distributed to, and title vested in, Dennis and Larry.

¶ 9 The trial court held that Dennis' motion to reopen was time-barred and granted Gail's motion to dismiss. Dennis appeals.

## STANDARD OF REVIEW

¶ 10 Our review of a motion to dismiss involves a *de novo* consideration as to whether the petition is legally sufficient. *Indiana Nat'l Bank v. Dep't of Human Servs.,* 1994 OK 98, ¶ 2, 880 P.2d 371, 375. The motion should be granted for failure to state a legally cognizable claim only if the allegations indicate beyond all doubt that the litigant can prove no set of facts which would entitle him to relief. *Id.* at ¶ 3, 880 P.2d at 375.

## ANALYSIS

¶ 11 According to Gail, Dennis is seeking to vacate the trial court's 1998 order approving the estate's final account. If we treat Dennis' 2003 "Motion to Reopen" as a request to vacate the 1998 order of distribution, the motion to reopen was time-barred. The motion was filed after all of Section 1038's time limitations had expired. Although Dennis did file an "Objection" in 1999, he does not argue this was sufficient to meet the statutory requirements. Dennis' motion was not submitted in the form of a petition veri-

fied by affidavit and therefore failed to meet the requirements of 12 O.S.2001 § 1033.

¶ 12 Dennis' motion is not really a motion to vacate. "The meaning and effect of an instrument filed in court depends on its contents and substance rather than on the form or title given it by the author." *Horizons, Inc. v. Keo Leasing Co.,* 1984 OK 24, ¶ 4, 681 P.2d 757, 759. Neither by title nor by substance can Dennis' filing be considered a motion to vacate. Dennis does not seek to set aside the trial court's order as irregularly, erroneously, mistakenly, or fraudulently obtained, or on any other ground specified in 12 O.S.2001 § 1031.

¶ 13 Dennis sought to reopen the estate proceedings to compel Gail as personal representative to distribute certain estate assets to Dennis and Larry that were not specifically addressed in the 1998 order of distribution. Dennis asserts he can "reopen" the probate proceeding and accomplish these purposes through the probate court.

¶ 14 We reject this argument because the trial court has already provided Dennis all the relief it can provide. In *Wilson v. Kane,* 1993 OK 65, ¶ 6, 852 P.2d 717, 721–22, the Supreme Court explained:

> Although probate now begins and ends in district court, interdocket remedial boundaries survive. Probate is a special statutory proceeding ... [confined to] (1) ascertaining whether the decedent died testate or intestate, and if testate, (2) what testamentary disposition, if any, may be admitted to probate, (3) the administration of the estate's assets and (4) the final account and distribution. [Emphasis and footnotes omitted].

¶ 15 In the instant case, the trial court determined heirship and issued a final order administering the estate's assets and providing for a final account and distribution. The order provides that title to the father's property, whether specifically described or not, is vested in Dennis and his brother. The probate court has resolved the matters within its boundaries.

¶ 16 In *Prusa v. Beasley,* 1958 OK 249, 335 P.2d 346, the issue was whether Lavina

Crowder had inherited certain property from a friend. It was asserted that the probate proceeding had failed to convey the property to her because it was not listed in the inventory, appraisement, final report, or decree of distribution. The Supreme Court disagreed, noting that the final decree provided that all of the decedent's property was bequeathed to Lavina Crowder " 'and that any property hereinafter discovered, if any, after payment of debts and obligations of said estate, be set over to said Lavina Crowder.' " *Id.* at ¶ 11, 335 P.2d at 350.

¶ 17 This language is similar to the trial court's provision in the instant case that all property of the deceased not heretofore described was vested in and distributed to Dennis and Larry. In *Prusa,* the Court held the provision to be "obviously sufficient to establish title to the property here involved in Lavina Crowder, even though such property was not described in the inventory and appraisement." *Id.* The Court cited what is now 58 O.S.2001 § 692.1, which provides that title to property omitted from the trial court's order is established in the heirs, without the necessity of further court action, if the order or decree names the heirs and the proportions they are entitled to have distributed to them in the residue of the estate.

¶ 18 The trial court has provided for distribution of all the property. Dennis is as free as any other property interest holder to enforce his rights by pursuing whatever civil action is appropriate before a court sitting in non-probate proceedings. As a result, while we have not limited our analysis to the trial court's reason that this action was time-barred, we agree that Gail's motion to dismiss should be granted and Dennis' request to reopen should be dismissed.

¶ 19 Finally, we note Gail has requested an appellate attorney fee. Under Oklahoma Supreme Court Rule 1.14, such a request must be made in a specifically-identified, separate portion of the brief and must state the authority allowing the fees. Because Gail failed to meet either requirement, we deny his request.

## CONCLUSION

¶ 20 The trial court's decision is AFFIRMED.

REIF, P.J. and GOODMAN, J. (sitting by designation), concur.