# EX PARTE INDIANA TRANSPORTATION COMPANY, PETITIONER.

## ON PETITION FOR WRIT OF PROHIBITION.

No. 25, Original. Argued May 21, 1917.—Decided June 11, 1917.

The foundation of jurisdiction is physical power.

Appearance in answer to a citation issued upon a libel *in personam* does not empower the court to introduce new claims of new claimants into the suit without service on the defendant and against his will.

After defendant had appeared in a suit against it for causing the death of one person, the court allowed to be filed an amended libel introducing 373 new libellants, each alleging a distinct cause of action based on as many other deaths due to the same accident. Defendant excepted to the amended libel upon the ground that it was contrary to law (1) because it joined 373 new libellants who had separate causes of action, and (2) because it could not "in law, in this case, be called upon to answer the said amended libel as to 373 additional libellants." *Held* that this was not a general appearance and that want of service upon the defendant was sufficiently set up by the second ground of exception.

*Quære:* Whether the principles of waiver and appearance are not modified in a case where the defendant is already in court and the objection to jurisdiction relates to the introduction of new complainants?

When objections to the jurisdiction have been overruled, the defendant does not waive them by pleading to the merits.

Prohibition granted.

THE case is stated in the opinion.

*Mr. Charles E. Kremer* and *Mr. Russell Mott* for petitioner.

*Mr. Harry W. Standidge* (by special leave) in support of return of respondent.

MR. JUSTICE HOLMES delivered the opinion of the court.

The suit in which this writ of prohibition is sought was originally a libel *in personam* against the petitioner, an Indiana corporation, and others, for causing the death of one Dawson through the capsizing of the steamer Eastland in the Chicago River. The libel was filed on August 21, 1915. A citation was served upon an agent of the petitioner within the district and the petitioner filed exceptions to the libel. On July 24, 1916, leave was granted "to certain parties" to intervene as libellants, and a citation to respondents not served was ordered, returnable the first Monday in September. At this time the petitioner was not subject to service in the district and was not served with process. The "certain parties" mentioned in the order seem to have been 373 other libellants each alleging a distinct cause of action for death due to the same accident. The petitioner excepted that the amended libel was contrary to law because it joined 373 other libellants who had separate causes of action, and also because the petitioner could not in law be called on to answer the amended libel as to 373 additional libellants. The exceptions were overruled and the petitioner directed to answer in twenty days from the date of the order, September 18, 1916. Thereupon the petitioner, not waiving its previous exceptions, on October 7 again excepted that the court had not jurisdiction over it in respect of the additional libellants and that the libel did not state a cause of action against it. On October 25 this petition was filed.

The foundation of jurisdiction is physical power. If a defendant's body were in custody by arrest, or a vessel were held by proceedings *in rem*, it well might be that new claims would be entertained against the person or against the ship, in addition to those upon which the arrest was made. *The Oregon*, 158 U. S. 186, 210. But appearance in answer to a citation does not bring a defendant under

the general physical power of the court. He is not supposed even by fiction to be in prison. Conventional effect is given to a decree after an appearance because when power once has been manifested it is to the advantage of all not to insist upon its being maintained to the end. *Michigan Trust Co.* v. *Ferry,* 228 U. S. 346, 353. That, however, is the limit of the court's authority. Not having any power in fact over the defendant unless it can seize him again, it cannot introduce new claims of new claimants into an existing suit simply because the defendant has appeared in that suit. The new claimants are strangers and must begin their action by service just as if no one had sued the defendant before. *The Oregon,* 158 U. S. 186, 205, 210. We may repeat with more force concerning defendants what was said *alio intuitu* in a New Jersey case cited in *Reynolds* v. *Stockton,* 140 U. S. 254, 268. "Persons by becoming suitors do not place themselves for all purposes under the control of the court."

The only question is whether the petitioner lost its rights by its mode of asserting them; the argument for the respondent being that the exceptions above mentioned amounted to an appearance and plea to the merits, and that thus the absence of service was cured. But it is to be remembered that the motion for leave to intervene was a motion in the cause in which petitioner already had appeared. We should not be astute to treat recognition that it was in court as the case stood before the motion to let in upon it an avalanche of new claims, as waiving what it was the prime and only purpose of the exceptions to prevent. The language of the first exceptions was not as explicit as it might have been but the absence of service seems to us sufficiently covered by the words, "Because the above-named respondent cannot in law, in this case, be called upon to answer the said amended libel as to 373 additional libellants."

. The second exception, still insisting on the petitioner's

denial that the court had jurisdiction of it in respect of the new claims set up, pleaded further, upon the rule to answer, that the amended libel did not state a cause of action. But if the principles of waiver and appearance by pleading to the merits are not modified in a case where the defendant already is in court, it is true at least that when objections to the jurisdiction have been overruled the defendant does not lose its rights by pleading to the merits. *Harkness* v. *Hyde*, 98 U. S. 476. The District Court attempted to exceed its jurisdiction and the writ of prohibition should be granted.

*Rule absolute.*