## THE IVARAN.

## MANILA MOTORS CO., Inc., v. THE IVARAN.

District Court, S. D. New York.

June 12, 1942.

Hill, Rivkins & Middleton, of New York City (William J. Tillinghast, Jr., of New York City, of counsel), for libelant.

Haight, Griffin, Deming & Gardner, of New York City (Herbert M. Statt and John T. Casey, both of New York City, of counsel), for respondent De La Rama S. S. Co., Inc.

MANDELBAUM, District Judge.

The action is to recover damages for cargo damage occurring on the S. S. Ivaran, on a voyage from New York to Manila in July, 1940.

One of the respondents, De La Rama Steamship Co., although appearing by counsel has defaulted in answering the libel and the interrogatories attached thereto. By reason of this default, the libelant is seeking to enter a decree against this respondent.

Respondent, nevertheless, moves to dismiss the action or to stay all proceedings until some time after the termination of hostilities between the United States of America and the Axis powers. For further relief, the respondent seeks a stay of the entry of the decree against it until 5 days after the entry of an order deciding this motion.

The basis for the motion is the claim that the libelant, a Philippine corporation, having its office and principal place of business in the City of Manila, is an enemy national within the meaning of the Trading with the Enemy Act, 50 U. S.C.A. Appendix § 7 as supplemented by Executive Order No. 8389, 12 U.S.C.A. § 95 note, March 18th, 1942, General Ruling, No. 11. (This order makes illegal the prosecution of an action in the courts of the United States by a national of a territory controlled or occupied by the military or naval forces of Germany, Italy or Japan, more particularly, Subdivision 2(b) of said Regulations referring to "that portion of the Philippine Island occupied by Japan").

The damaged cargo was insured by the St. Paul Fire & Marine Insurance Company which on August 28th, 1940, paid the libelant, the consignee of the cargo shipment, the amount of the loss incurred by reason of the damage. This payment by the insurance company was made under a loan receipt. Such loan receipt has been given judicial sanction by our highest court. Luckenbach v. W. J. McCahan Sugar Company, 248 U.S. 139, 39 S.Ct. 53, 63 L.Ed. 170, 1 A.L.R. 1522. The essential provisions of the loan receipt provide that the amount paid by the insurer to the insured was "repayable only out of any net recovery the undersigned may make from any vessel, carrier, bailee, or others by reason of any claim for the loss of or damage to the property described * * *, and as security for such repayment we hereby pledge to the said Insurance Company, all such claims and any recovery thereon". The receipt also provided that the Insurance Company was to have "irrevocable power to collect any such claim * * * and to * * * prosecute, compromise or withdraw in our name, but at the expense of said Insurance Company, any and all legal proceedings which they may deem necessary to enforce such claim, and to execute in our name any documents which may be necessary to carry into effect the purposes of this agreement".

From the language, it is clear that the claim was transferred to the insurance company as a pledge to secure the payment of the money paid by the insurer. The nominal libelant has no interest in the action at all, having been paid its loss in full, almost two years ago.

The contention of the respondent that the insurance company is merely subrogated to the libelant's rights and is in

no.better position than the libelant is without merit. The insurance company has not been subrogated to libelant's claim, not having paid any insurance to the libelant. First National Bank of Ottawa v. Lloyd's of London, 7 Cir., 116 F.2d 221, 226, 132 A.L.R. 599.

In my opinion, the insurance company is the beneficial or equitable owner of the claim which it holds as security for its loan, and is entitled as the real party in interest to prosecute this action in the name of the libelant. Luckenbach v. W. J. McCahan Sugar Company, supra; Michigan Alkali Co. v. Bankers Indemnity Ins. Co., 2 Cir., 103 F.2d 345, 348; The Plow City, 3 Cir., 122 F.2d 816. I see no reason why the insurance company, an American citizen, should not be permitted to prosecute this action. The clear purpose of the statute under which the respondent seeks refuge is to prevent American money or property from falling into enemy hands. There is no possibility of this occurring if the insurance company is permitted to continue this suit.

Accordingly, respondent's motion is denied. However, with respect to the entry of the decree, the same is stayed until 5 days after entry of an order of this motion.

Settle order on two days' notice.