## PIPE et al. v. THE LA SALLE.

District Court, S. D. New York.
Feb. 10, 1943.

Hill, Rivkins & Middleton, of New York City (George B. Warburton, of New York City, of counsel), for libelants.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (Michael F. Whalen and John F. X. McKiernan, both of New York City, of counsel), for respondent.

MANDELBAUM, District Judge.

The libelants herein have moved the court for an order overruling the respondent's exceptions to the libel, and directing that respondent answer the libel.

This is an admiralty action where the libelants seek damages for the respondent's alleged violation of the contracts of carriage whereby, as a result thereof, four shipments of sugar from Manila to ports along the East coast of the United States were discharged at destination in an impaired condition. The papers submitted on this motion show that the shippers, the principals of the libelants, are Philippine corporations with head offices in Manila, and it is not denied that they are nonresident enemy aliens of the United States, within the purview of the Trading with the Enemy Act, 50 U.S.C.A. Appendix § 7(b), as supplemented by Executive Order No. 8389, 12 U.S.C.A. § 95 note, March 18, 1942, General Ruling No. 11; and 50 U.S.C.A. Appendix § 2(b).

The respondent has raised four exceptions to the libel, and it is to them that this motion is addressed.

In substance, the first, second and fourth exceptions are based on the charge that the libelants are not the real parties in interest, have not pleaded any damage to themselves and have not stated whom they represent as principals. The third exception claims that the libel fails to show that the libelants were authorized to bring suit for their principals at the time that the libel was verified and filed. The argument by the respondents in support of their exceptions, however, was directed mainly to the question of the right of a non-resident enemy alien to prosecute an action in this court through an American agent.

■ It is conceded that an agent ordinarily may, as here, serve as the libelant for his principal in admiralty and prosecute the action in his own name. The contention that war has per se terminated the libelant's agency is not supported by Insurance Co. v. Davis, 95 U.S. 425, 24 L.Ed. 453, relied upon by respondent.

Therefore, the first, second and fourth exceptions to the libel are overruled.

■ As I held in Manila Motors v. The Ivaran, D.C., 46 F.Supp. 394, 396, 1942 A.M.C. 947: "The clear purpose of the statute under which the respondent seeks refuge is to prevent American money or property from falling into enemy hands". Similarly, Justice Collins of the New York Supreme Court has recently considered that problem and has expressed his view that the purpose of the Trading with the Enemy Act is to prevent "the lending of aid and comfort to the enemy by frustrating the enemy's attempt to garner sinews of war", and that this aim is satisfied by permitting the action to proceed to judgment on the condition that the proceeds thereof be delivered to the Alien Property Custodian for further disposition. Drewry v. Onassis, 179 Misc. 578, 39 N.Y.S.2d 688, 694.

That such an opinion is in accord with the thought of our highest court is demonstarted by the portion of Ex parte Kawato, 317 U.S. 69, 63 S.Ct. 115, 118, 87 L.Ed. ——, 1942 A.M.C. 1507, 1510, quoted by Justice Collins, where Mr. Justice Black said, in dicta, that "even if petitioner were a nonresident enemy alien, it might be more appropriate to release the amount of his claim to Alien Property Custodian rather than to the [defendants] * * *". Ex parte Colonna, 314 U.S. 510, 62 S.Ct. 373, 86 L.Ed. 379, decided prior to Ex parte Kawato, supra, is to be read in the light of the latter opinion.

■ The libelants herein have consented, "that if and when a recovery is obtainable in this action, the proceeds be disbursed only upon the order of this court and that, upon license from the Federal Reserve Bank, only such portion of the recovery as may be for the account of unblocked nationals or those not affected by Presidential Proclamation, be paid over to libelants or their proctors and the balance deposited with the Alien Property Custodian". In view of that concession, the respondent's third exception to the libel is overruled.

Settle order on notice.