## COMPAGNIE FRANCAISE DE L'AFRIQUE OCCIDENTALE (FRENCH WEST AFRICAN CO.) v. THE OTHO et al.

District Court, S. D. New York.

June 9, 1944.

Hill, Rivkins & Middleton, of New York City (Arthur O. Louis, of New York City, of counsel), for libelant.

Hunt, Hill & Betts, of New York City (Geo. Whitefield Betts, Jr., and Helen F. Tuohy, both of New York City, of counsel), for claimant and respondents.

LEIBELL, District Judge.

Claimant and respondents "move for an order staying the trial of the above entitled cause until after the termination of the present world war and the making of the treaty of peace with France and Germany." Libellant is a corporation organized under French law and domiciled in France. It is clear that it could not at this time bring this suit in its own name, and in its own right, if it held also the beneficial interest in the claim. Ex Parte Colonna, 314 U.S. 510, 62 S.Ct. 373, 86 L.Ed. 379; Drewry v. Onassis, 266 App. Div. 292, 42 N.Y.S.2d 74, affirmed 291 N. Y. 779, 53 N.E.2d 243; Government of

France v. Isbrandtsen-Moller Co., D.C., 48 F.Supp. 631. It is technically an alien "enemy."

The claim arises out of two shipments of cocoa beans by the libelant on the S. S. Otho, a vessel owned, operated and controlled by respondents. One shipment was made on August 27, 1940, and the other on August 31, 1940; both shipments being destined for New York. The vessel arrived here on September 29, 1940. It was thereafter discovered that during the voyage the cocoa beans were damaged.

The cargo of cocoa beans was insured with British corporate underwriters, who, upon being apprised of the loss, paid the sum of £1738/16/2 to the Compagnie Francaise de L'Afrique Occidentale and received from the French Company an agreement in writing which provided in part that: "In consideration of your paying us for a Partial Loss on the under-mentioned goods it is agreed that in virtue of such payment you will be subrogated (as and to the extent provided by the law of England) to all our rights and remedies in and in respect of the said goods and will be authorised to make use of our name for the purpose of any proceedings or measures legal or other which you may think fit to take for the enforcement of such rights or remedies. * * *"

 The insurer, under the law of England, is entitled to all the rights that the assured had with respect to the loss under the principle of subrogation. 18 Halsbury's Laws of England, 2nd Ed., pp. 376, 377. At page 380 it is stated that the insurer is subrogated to the rights of the assured only to the extent and amount of the payment by the insurer to the assured.

The question presented by this motion is this: Whether the British underwriters, by reason of the alien enemy status of the libellant, are prohibited from suing in our courts in the name of libellant, under the Trading With the Enemy Act. 50 U.S.C.A.Appendix § 1 et seq. Judge Conger in Chemacid, S. A., v. Ferrotar Corporation, D.C., 51 F.Supp. 756, 759, stated: "In all cases of this type, one of the most important aspects to be considered by the court is whether it will aid and comfort the enemy if the plaintiff is allowed to maintain the action and, if successful, recover a judgment." See, also, Birge-Forbes Co. v. Heye, 251 U.S. 317, 323, 40 S.Ct. 160, 64 L.Ed. 286; Weiditschka v. Supreme Tent Knights of Maccabees, 188

Iowa 183, 191, 170 N.W. 300, 303, 175 N. W. 835.

It is difficult to see how any judgment recovered in this case could aid the enemy. The real parties in interest are the British corporate underwriters. The "enemy" corporation has long since been compensated for its loss. The underwriters, in this action, are merely seeking to indemnify themselves for the amount which they paid before we became involved in the world war.

Judge Mandelbaum in The Ivaran, 46 F.Supp. 394, held that where the insured, an alien enemy, gave the insurer a loan receipt upon being paid for its loss, the insurer could maintain an action in this Court in the name of the insured. For the purposes of the Act, there is no good reason why an insurer, as subrogee, should be treated any differently than as an assignee. The insurer is the real party in interest in both instances.

The motion for a stay of the trial is denied. Settle order on two days' notice.