### TATEM v. SOUTHERN TRANSP. CO.
#### Civil Action No. 3303.

District Court, E. D. Pennsylvania.
Jan. 31, 1945.

Freedman & Goldstein, of Philadelphia, Pa., for plaintiff.

Rawle & Henderson, of Philadelphia, Pa., for defendant.

### KIRKPATRICK, District Judge.

On March 31, 1942, the steam tug Menominee was sunk by enemy action and as a result a number of seamen lost their lives. The administratrix of one of them began this action in July 1943 to recover war risk insurance and damages for the death of her intestate. The cause did not come to issue until November 16, 1944, when the defendant filed its answer to the amended complaint. On November 29, 1944, the administratrix of another of the deceased seamen filed this petition for leave to intervene upon the ground that her claim and the claim asserted in the original complaint have questions of law and fact in common. There is no question that the principal legal and factual issues involved in the two claims are, in the main, identical, and it follows that, under Rule 24(b) (2) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the Court has full discretion to permit the intervention, unless some principle of law, outside the Rules, forbids.

It is a conceded fact that, after the filing of the original complaint and before the filing of this petition for intervention, the defendant (a Delaware corporation) filed a certificate of withdrawal with the Department of State at Harrisburg, cancelling the authority previously given to the Secretary of the Commonwealth to accept service. It has appointed no other agent to accept service and is not doing business within this district or in the state of Pennsylvania.

The defendant contends that, under the Matter of the Indiana Transportation Co., 244 U.S. 456, 37 S.Ct. 717, 61 L.Ed. 1253, the petition must be denied. That decision is that new claims may not be introduced by intervention into an existing suit after the defendant can no longer be subjected to process in the jurisdiction. However, the Pennsylvania statute of May 5, 1933, Section 1011 as amended, 15 P.S. § 2852—1011, provides "the authority for such service of process (that is, the authority of the Secretary of the Commonwealth to accept service for a foreign corporation) shall continue in force as long as any liability remains outstanding against the corporation in the Commonwealth." This defendant is still subject to process in respect of any liability which may exist by virtue of the sinking of the Menominee and, consequently, the principle of the Indiana Transportation case has no application even if it be assumed that it survives the adoption of the Federal Rules of Civil Procedure.

The extension of authority provision of the Pennsylvania statute is still in force. The Act of 1937, 17 P.S. § 61 et seq., authorizing the adoption of rules of practice and procedure by the Supreme Court of Pennsylvania, provides that the operation of an act of assembly relating to practice and procedure "inconsistent with such rule, shall be suspended in so far as such act may be inconsistent with such rule." I find nothing in the Pennsylvania Rules of Civil Procedure, 12 P.S.Appendix, specifically the sections adopted August 1, 1944, dealing with service of process upon corporations, which is inconsistent with the clause of Section 1011 of the Act of 1933 quoted above. Rule 2200 provides for the suspension of certain acts of assembly (relating to corporations as parties) in whole or in part. Section 1011 of the Act of 1933 is not among those mentioned. Rule 2198 provides: "These rules shall not be deemed to suspend or affect the operation of the following Acts of Assembly: * * * 6. Section 1011 of the Act approved May 5, 1933, P.L. 364, No. 106, as amended by Section 1 of the Act approved July 2, 1937, P.L. 2828, No. 595, 15 P.S. § 2852—1011, insofar as it relates to venue of actions against foreign business corporations," but the mere fact that this rule specifically keeps alive venue provisions can hardly operate as an implied repeal,

38

even if it be assumed that the extension does not relate to venue.

█ The only remaining question is whether the application is timely. Rule 24(b) (2) provides: "In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." This suit could not have been listed for trial before it was brought to issue. Inasmuch as this petition to intervene was filed within two weeks after that date, intervention, obviously, will not unduly delay or prejudice the adjudication of the rights of the original parties.

An order will be entered granting the petitioner leave to intervene as a party plaintiff.