Aron Steuer, J.
The plaintiff brings this action against two women, each of whom not only claims to be his wife but each of whom has a judgment to support her claim. He asks for a declaratory judgment declaring the marital status of the parties. The moving defendant is a resident of Florida. She appeared in the action by her attorney. It is not disputed that the appearance was a general one. Thereafter the other defendant served an answer containing a counterclaim against her. This counterclaim seeks a declaratory judgment to the effect that that defendant is the lawful wife. The answer was served on the moving defendant’s attorneys. The motion is to dismiss the counterclaim on the ground that without personal service the court has no jurisdiction of the counterclaim.
It is a bit difficult to see why the counterclaim is necessary and also what objection there may be to it. Determination of the plaintiff’s action will dispose of any issue raised by the counterclaim. The counterclaiming defendant under the pleadings has a right to a complete presentation of her marital position. The counterclaim gives her no greater rights either to present evidence or obtain relief than she has without it. Nevertheless, the question must be decided. A nonresident who voluntarily appears in an action subjects himself to jurisdiction in the plaintiff’s suit against him for all purposes. The question is does he also subject himself to jurisdiction for the determination of any claim that a party other than the plaintiff may assert against him. In seeking the answer to this problem, it is futile to consider the provisions of the Civil Practice Act which direct how different parties to an action are to proceed against each *515 other and how the court is to make determinations between them. Such provisions control where there is jurisdiction but they can not confer it against a nonresident. Authority must be found, if it exists, elsewhere.
And not only is authority lacking for the proposition, there is controlling authority against it (Ex Parte Indiana Transportation Co., 244 U. S. 456; Restatement, Judgments, § 5). The opposition’s reliance on Adam v. Saenger (303 U. S. 59) is misplaced. The decision there held that institution of a counterclaim against the plaintiff by means of notice on his attorney is proper even if the plaintiff is a nonresident. As pointed out (p. 67) there is nothing arbitrary in a State statute making a plaintiff who seeks the jurisdiction present for all purposes.
The motion is granted.