Carl FISSER and Martha Fisser, copartners d/b/a Fisser & V. Doornum (on their own behalf and on behalf and for the benefit of any other party or parties who are or who may become interested, as their respective interests may ultimately appear), Libelants,

v.

INTERNATIONAL BANK, Respondent.

United States District Court
S. D. New York.

May 15, 1958.

See also, 20 F.R.D. 419.

Crowell, Rouse & Varian, New York City, for libelants, E. Curtis Rouse and George Vayda, New York City, of counsel.

Becker & Martin, New York City, for respondent, Emanuel Becker, New York City, of counsel.

PALMIERI, District Judge.

On January 18, 1957, libelants' libel was filed, seeking damages for breach of a contract of affreightment. The damages sought were $3,000,000 and the libel was alleged to be brought by libelants "on their own behalf and on behalf and for the benefit of any other party or parties who are or may become interested therein, as their respective interests may ultimately appear." Libelants now move for permission to file an amended libel, changing the prayer for damages to $1,214,100 and alleging that suit is brought "with the consent and authority of and on behalf and for the benefit of themselves" and certain named German limited liability companies and a German joint venture. The putative amended libel also alleges that the contract of affreightment was entered into by libelants "on their own behalf as a chartering broker and on behalf and for the benefit of" the German entities.

Respondent opposes on the ground that "[i]n admiralty, the party entitled to relief should always be made libelant * * *." Fretz v. J. C. Bull & Co., 1851, 12 How. 466, 468, 13 L.Ed. 1068. Respondent argues, therefore, that the libel was originally brought by the improper party and that, if the amendment is permitted, the effect will be that a new action will be commenced

against it at a time when it is no longer amenable to service of process in this District. The rule of the Fretz case, however, as was recognized in the decision, does not obtain in "particular cases." 12 How. 468.[1] One exception to that rule is the "well-recognized practice in the admiralty that the agent of an absent owner of cargo may assert in his own name his principal's right of action." Aunt Jemima Mills Co. v. Lloyd Royal Belge, 2 Cir., 1929, 34 F.2d 120, 121. See also, Cragin & Co. v. International S. S. Co., 2 Cir., 1926, 15 F.2d 263; Pipe v. The La Salle, D.C.S.D.N.Y. 1943, 49 F.Supp. 662.

 Of course, both the agency, and the principals' consent to and authority for this suit, must be proven at the trial. National Interocean Corp. v. Emmons Coal Mining Corp., D.C.E.D.Pa.1921, 270 F. 997, 1000. And this will be so under both the original and the amended libel. Respondent's opposition, to the extent that it is based on the proposition that the German entities have no right to intervene in this suit, is beside the point. For the amended libel does not seek their intervention; it only names them as the principals interested in the contract.

Since, if the libelants are the agents of the German entities, they could maintain this suit in their own names, the putative amendment is unnecessary. But this is not a ground for refusing libelants permission to plead the interests of their principals and respondent is in no way harmed by the amendment.

Respondent's citation to In Matter of Indiana Transportation Co., 1917, 244 U.S. 456, 37 S.Ct. 717, 61 L.Ed. 1253, is inapposite. The amended libel was struck down in that case because it sought to add separate causes of action, brought by 373 additional libelants, to the one in suit. Here, however, no new cause of action is pleaded and the respondent may not be held accountable

for any greater or different damages than would have been the case under the original complaint. The agent, who could have maintained suit in his own name, has chosen to reveal the name of his principals. Respondent has no valid objection to the exercise of this choice. Of course, to the extent that the original complaint alleged damages to the agent, *in propria persona*, those damages may still be proven under the amended complaint, which also alleges such damages.

I have carefully considered the other objections raised by the respondent, and the cases cited by it, but they are, on the one hand, without merit, and on the other, inapposite.

Accordingly, the motion of the libelant is granted.

So ordered.

---

1. In the view I take of the case, it is unnecessary to consider the fact that both the original and the amended libel allege that libelants, at least partially, sue on their own behalf.