Henry G. BARTSCH, t/a Airport Dispatching Service, et al., Petitioners,

v.

Frederick J. CLARKE, Chairman, et al., Respondents.

No. 8456.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 2, 1961.

Decided Oct. 12, 1961.

Henry G. Bartsch, pro se.

Russell W. Cunningham, Gen. Counsel, Washington Metropolitan Area Transit Commission, Arlington, Va., for respondents.

Before SOBELOFF, Chief Judge, and SOPER and BRYAN, Circuit Judges.

PER CURIAM.

Henry G. Bartsch, the proprietor of Airport Dispatching Service, which transports passengers from the District of Columbia to the Washington National Airport, and certain owners and operators of taxicabs, licensed by the District of Columbia, join in a petition to this court for a writ of prohibition and in the alternative for a writ of mandamus against the members of the Washington Metropolitan Area Transit Commission, commanding them to rescind Tariff No. 3 which purports to establish taxicab fares for the transportation of passengers between the Washington Airport and the District of Columbia by Airport Transport, Inc., a Virginia corporation.

The Metropolitan Area Transit Commission came into existence on March 22, 1961 as the result of a compact between the states of Maryland and Virginia, and the District of Columbia which was approved on September 15, 1960 by joint resolution of Congress, 74 Stat. 1031. Thereby the Transit Commission was empowered to prescribe reasonable rates for transportation by taxicab only between a point in the jurisdiction of one signatory party and a point in the jurisdiction of another signatory party provided both points are within the metropolitan district. The Transit Commission, on July 27, 1961, purporting to act under the authority of the statute, authorized Tariff No. 3 which is applicable only to Airport Transport, Inc.

The petitioners are aggrieved because Tariff No. 3 permits Airport Transport, Inc. to charge fares less than the fares which the petitioners can afford to charge for carrying passengers from the District of Columbia to the Airport, since they are not allowed to engage in the transportation of passengers from the Airport, which is confined to Airport Transport, Inc. Accordingly, the petitioners ask that the Transit Commission be compelled to rescind the Tariff on the ground that the Commission had no authority to promulgate it. The contention is that the Transit Commission lacks the power to regulate transfers to and from the Airport because it is said that one traveling to and from the Airport does not go between a point in the jurisdiction of one signatory to the compact to the jurisdiction of another signatory within the Metropolitan area because jurisdiction and control over the Airport is vested exclusively by Act of Congress, 54 Stat. 686, as amended by 72 Stat. 807, in the Administrator of the Federal Aviation Agency.

The Transit Commission is an administrative body, established by Act of Congress, and specific provision for review of its orders is made in Sections 16 and 17 of its Charter, 74 Stat. 1046. Section 16 provides that any person affected by any final order or decision of the Commission may, within 30 days after the publication thereof, file with the Commission an application in writing requesting a reconsideration of the matters involved and stating specifically the errors claimed as grounds for such consideration. The Commission is required, within 30 days after the filing of such application, either to grant or deny it; and no appeal lies from any order of the Commission until an application for reconsideration has been made and determined.

Judicial review is afforded by Section 17(a) which provides that any party to a proceeding under the act aggrieved by an order issued by the Commission may obtain a review of the order in the Court of Appeals of the United States for the Fourth Circuit or in the United States Court of Appeals for the District of Columbia by filing in such court within 60 days after the order of the Commission upon the application for rehearing a written petition praying that the order

of the Commission be modified or set aside.

■■ The petitioners in the pending proceeding made no attempt to comply with these statutory requirements and since the jurisdiction of this court is exclusively appellate our power to review the Commission's order is immediately brought into question. The petitioners, without making any effort to intervene when the case was before the Commission and without offering any satisfactory explanation of their failure to comply with the review provisions of the statute, apply to this court for a writ of prohibition or a writ of mandamus claiming that this court has power to restrain the Commission from exceeding the limits of its authority by exercising the power given to appellate courts by 28 U.S.C. § 1651 to issue writs in aid of their appellate jurisdiction. We do not think that this is a proper case for the issuance of such a writ, even if we assume that the petitioners have sufficient standing to object to the Commission's order. Mandamus may not ordinarily be resorted to as a mode of review when a statutory method has been prescribed. The writ may not be used as a substitute for an appeal, and it may not be used as a means for obtaining review of an order of the trial court which is not appealable because it does not constitute a final determination of the case. The writ may be used when a trial court refuses to act in a case or to restrain it from attempting to exercise a power it does not possess; but even in the latter case the appellate court has the discretion to refuse to issue the writ if a method of review has been provided by statute and the petitioner has failed to use it. See

Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 24–31, 63 S.Ct. 938, 87 L.Ed. 1185; Sleeth v. Dairy Products Co., 4 Cir., 228 F.2d 165, 168; In re Rice, 155 U.S. 396, 402–403, 15 S.Ct. 149, 39 L.Ed. 198.

■■ It is true that the writ may be issued in extraordinary and exceptional cases of peculiar emergency or public importance or in cases where the usual method of appeal is manifestly inadequate. See LaBuy v. Howes Leather Co., 352 U.S. 249, 77 S.Ct. 309, 1 L.Ed.2d 290; United States v. United States District Court, 334 U.S. 258, 264, 68 S.Ct. 1035, 92 L.Ed. 1351; Ex Parte Republic of Peru, 318 U.S. 578, 586, 63 S.Ct. 793, 87 L.Ed. 1014; In re National Labor Relations Board, 304 U.S. 486, 58 S.Ct. 1001, 82 L.Ed. 1482; Ex Parte United States, 287 U.S. 241, 248, 53 S.Ct. 129, 77 L.Ed. 283; Ex Parte Skinner & Eddy Corp., 265 U.S. 86, 96, 44 S.Ct. 446, 68 L.Ed. 912; Ex Parte State of New York No. 1, 256 U.S. 490, 503, 41 S.Ct. 588, 65 L.Ed. 1057; Ex Parte Indiana Transportation Co., 244 U.S. 456, 457, 37 S.Ct. 717, 61 L.Ed. 1253; United States v. U. S. District Court, 4 Cir., 238 F.2d 713, 718; but it is plain that such unusual circumstances as are described in these cases are not found in the instant proceeding. Accordingly, the petition for a writ of prohibition or mandamus will be dismissed; but we express no opinion as to the merits of the controversy. Nor do we pass upon the right of petitioners to obtain relief by filing a complaint in equity in a court of original jurisdiction. See Davis, Administrative Law Treatise, Vol. 3, Section 23.04.

Petition dismissed.