**Raymond WILLIS, Libelant,**

v.

**The TUGS TRAMP AND MARS, and two Unnamed Undocumented Barges, their engines, etc., in rem, and Tidewater Construction Corporation, as owners, in personam, Respondents.**

No. 8175.

United States District Court
E. D. Virginia,
Norfolk Division.

April 17, 1963.

John W. Winston (Seawell, McCoy, Winston & Dalton), Norfolk, Va., for libelant, Raymond Willis.

Waverley L. Berkley, III (Jett, Sykes & Berkley), Norfolk, Va., for Tidewater Construction Corp., respondents.

Walter B. Martin, Jr. (Vandeventer, Black, Meredith & Martin) Norfolk, Va.,

for libelant Willis (co-counsel with Mr. Winston).

Howard I. Legum (Fine, Fine, Legum & Schwan) Norfolk, Va., for William G. Herring, Jr.

WALTER E. HOFFMAN, Chief Judge.

By an opinion filed December 10, 1962, 216 F.Supp. 901, this court directed a division of damages between the pleasure yacht MARY FRANCES, owned by the libelant, Raymond Willis, and the tug TRAMP, owned by the respondent, Tidewater Construction Corporation. To this date no interlocutory decree has been presented for entry.

William G. Herring, Jr. was a passenger aboard the yacht MARY FRANCES, operated by the libelant, Willis, on October 8, 1960, when the yacht collided with one of respondent's barges while the flotilla was anchored in Adams Creek, North Carolina. Herring was allegedly injured. On October 5, 1962, he instituted Civil Action No. 4075 in this court against Tidewater Construction Corporation and R. T. Willis. Service was effected upon Tidewater Construction Corporation, a Virginia corporation, and an attempt was made to serve Willis through the Clerk of the State Corporation Commission of Virginia. When Willis noted a special appearance and moved to quash such service of process, counsel for Herring conceded that the motion was well taken and the attempted service upon Willis was quashed by order entered December 28, 1962. Herring's civil action against Tidewater remains pending on the docket.

Herring has now filed a motion to intervene in this pending admiralty action. He argues that Willis has invoked the admiralty jurisdiction of this court and has, together with Tidewater, been held liable for the collision. He contends that he should be permitted to intervene; that this action should be consolidated with Civil Action No. 4075 now pending against Tidewater; and that the sole issue before the court is the assessment of damages against Tidewater and Willis.

While the pending admiralty action is *in rem* and *in personam* as far as Tidewater is concerned, the yacht MARY FRANCES has presumably never been within the jurisdiction of this court; the yacht and her owner, Willis, are located in the Eastern District of North Carolina. By the process of intervention, Herring wishes to obtain *in personam* jurisdiction over Willis to respond to a damage claim in the sum of $100,000.00. We hold that the motion to intervene must be denied.

Herring relies upon Local Admiralty Rule 10(f) and Admiralty Rule 34 of the United States Supreme Court. He likewise urges an expansion of the doctrine pronounced in British Transport Commission v. United States, 354 U.S. 129, 130, 77 S.Ct. 1103, 1 L.Ed.2d 1234.

No vessel owned or controlled by Willis has been arrested under any process of this court; nor is there any fund belonging to Willis in the hands of this court for disposition.[1] Herring seeks to benefit by Tidewater's *in personam* cross-libel filed against Willis, or otherwise assert his *in personam* claim against Willis.

The right of a third party to intervene in admiralty litigation pending between other parties must be governed by statute or applicable rule. No such statute exists. The General Admiralty Rules touching upon intervention are Rules 34 and 42. As Rule 42 relates to claims against proceeds in the registry of the court, it is clear that there need be no further consideration of this rule.

[1.] By reason of the extensive damage to Willis' yacht, the MARY FRANCES, and because the damage to Tidewater's barge was negligible, it is not unlikely that the final decree, assuming no appeal, will result in a monetary recovery for Willis. Herring does not desire to intervene and be limited to the prospective fund in controversy in this admiralty action. We do not, therefore, consider such a possibility. Admiralty Rule 42.

Rule 34, so far as it may be pertinent, is as follows:

"If any third person shall intervene in any cause of admiralty and maritime jurisdiction in rem for his own interest, and he is entitled, according to the course of admiralty proceedings, to be heard therein, he shall propound the matter in suitable allegations, to which, if admitted by the court, the other party or parties in the suit may be required, by order of the court, to make due answer; and such further proceedings shall be had and decree rendered by the court therein as to law and justice shall appertain."

As far as Willis is concerned, there is no *in rem* action to justify intervention under Rule 34. In denying the right of a maritime lienor to intervene in a pending *in personam* admiralty action the court, in Defense Plant Corporation v. United States Barge Lines, 2 Cir., 145 F.2d 766, noted that the original libelant had been successful, under a clause of foreign attachment, in reaching certain assets of the respondent and that the garnishment did not convert the suit into an *in rem* action. Of course, we are not called upon to determine Herring's right, if any, to intervene in the *in rem* action against Tidewater.

Fundamentally this case is controlled by Ex parte Indiana Transportation Co., 244 U.S. 456, 37 S.Ct. 717, 61 L.Ed. 1253. An *in personam* action was filed against Indiana and others to recover for the death of one Dawson occasioned by the capsizing of a steamer in the Chicago River. Service was had upon an agent. Thereafter, the company was no longer amenable to service in that district. Numerous other persons having claims arising out of the same disaster sought and obtained leave to intervene. On a writ of prohibition the Supreme Court, speaking through Mr. Justice Holmes, held that the district court exceeded its jurisdiction in granting intervention, and observed (244 U.S. 457–458, 37 S. Ct. 717–718):

"The foundation of jurisdiction is physical power. If a defendant's body were in custody by arrest, or a vessel were held in proceedings *in rem*, it well might be that new claims would be entertained against the person or against the ship, in addition to those upon which the arrest was made. The Oregon, 158 U.S. 186, 210 [5 S.Ct. 804, 39 L.Ed. 943]. But appearance in answer to a citation does not bring a defendant under the general physical power of the court. He is not supposed even by fiction to be in prison. Conventional effect is given to a decree after an appearance because when power once has been manifested it is to the advantage of all not to insist upon its being maintained to the end. Michigan Trust Co. v. Perry, 228 U.S. 346, 353 [33 S.Ct. 550, 57 L.Ed. 867]. That, however, is the limit of the court's authority. Not having any power in fact over the defendant unless it can seize him again, it cannot introduce new claims of new claimants into an existing suit simply because the defendant has appeared in that suit. The new claimants are strangers and must begin their action by service just as if no one had sued the defendant before. The Oregon, 158 U.S. 186, 205, 210 [15 S.Ct. 804, 39 L.Ed. 943] We may repeat with more force concerning defendants what was said *alio intuitu* in a New Jersey case cited in Reynolds v. Stockton, 140 U.S. 254, 268 [11 S. Ct. 773, 35 L.Ed. 464]. 'Persons by becoming suitors do not place themselves for all purposes under the control of the court.' "

We think that this language clearly suggests that this court would exceed its jurisdiction if it permitted Herring to intervene in this admiralty action for the purpose of prosecuting his *in personam* claim against Willis, a citizen and resident of North Carolina.

Indeed, there is ample authority that, irrespective of jurisdiction, intervention may not be permitted in *in personam* actions in admiralty. Industria E. Comercio De Minerios, S. A. v. Nova Genuesis Societa, etc., D.C., 197 F.Supp. 699, aff. 4 Cir., 310 F.2d 811, and authorities cited therein.

Herring refers to The Del-Mar-Va, D.C., 56 F.Supp. 743, in which the master of the DEL-MAR-VA filed a libel against the United States who, in turn, filed a cross-libel against the DEL-MAR-VA, her owner and master. The United States was the owner of the LST-389, a vessel in collision with the DEL-MAR-VA. The action was *in rem* and *in personam*. After the decision by the district court the United States moved for a retrial. The only reference to intervenors does not mention the right of intervention but merely the necessity of retrial where other parties are permitted to intervene in what is essentially an *in rem* action with both vessels before the court. See also, Sheldrake v. The Chatfield, D.C., 52 F. 495.

We distinguish what Herring contends to be the comforting language of Mr. Justice Clark in British Transport Commission v. United States, supra, by noting that the claimants in this limitation proceeding were all present in the litigation. The discussion relates to an interpretation of Admiralty Rule 56. The Supreme Court does not consider the right of any party, not already in the proceeding, to intervene. The prior decision in Ex parte Indiana Transportation Company, supra, is not even cited. We cannot extend the language in British Transport to apply to Rule 34.

There is no merit to reliance upon Local Admiralty Rule 10(f). No right of intervention is granted by this local rule.[2]

Herring is not without remedy. He may prosecute his civil action against Tidewater if so advised. He may pro-

ceed in the Eastern District of North Carolina against Willis and, assuming that Tidewater does business in that area, against Tidewater as well. He may urge the binding effect of the opinion already handed down. But to proceed against Willis in the Eastern District of Virginia he must obtain valid service.

An order will be entered denying the motion to intervene.

---

**2.** Local Admiralty Rule 10(f) provides: "No cross libel, or cross-claim or counterclaim in any form, may be filed in any cause, and no interevening petition may be filed, after the cause has matured, and is ready for hearing, except by leave of court upon cause shown."