UNITED STATES of America,
Respondent,

v.

Paul N. HANKISH et al.,
Petitioner.

Misc. No. 943.

United States Court of Appeals,
Fourth Circuit.

July 10, 1972.

Robert G. Perry, Charleston, W. Va., on petition for petitioner.

John A. Field, III, U. S. Dist. Atty., and Robert King, Asst. U. S. Atty., for respondent.

Before BOREMAN and BRYAN, Senior Circuit Judges, and WINTER, Circuit Judge.

PER CURIAM:

Criminal Action No. 71–55 was instituted against Paul N. Hankish and James L. Matthews in the Southern District of West Virginia at Charleston. Robert G. Perry, an attorney of Charleston, West Virginia, appeared on behalf of defendant Hankish. The Government moved the court to disqualify Mr. Perry from representing Hankish and the matters arising on the motion were referred by Judge Sidney L. Christie of the Southern District of West Virginia to Judge Robert E. Maxwell of the Northern District of West Virginia for hearing and deter-

mination. The Government alleged that Mr. Perry had represented one Jackie Longfellow who had been convicted of a felony and who was expected to be a material witness for the Government in the criminal action against Hankish.

After hearings, Judge Maxwell entered an order disqualifying Mr. Perry from serving as counsel for Hankish, primarily on the ground that there was a strong probability of a conflict of interest by reason of Mr. Perry's earlier representation of Longfellow, and in an opinion and order Judge Maxwell stated:

"So, it will be the judgment of the Court here, that for the protection of all parties, the professional integrity and the integrity of the litigation, the protection of the rights of the accused; that the motion should be granted.

"The motion, however, will be stayed until the evening of January the 31st at 7:30 p. m."

Thereafter a formal order was entered by Judge Maxwell disqualifying Mr. Perry as attorney for Hankish, the effective date being January 31, 1972. However, the disqualification order entered January 31, 1972, contained the following provisions:

"The Court is further of the opinion and does hereby advise the defendant, Paul N. Hankish, that it would appear that at least three (3) options are open to him in this matter, those being:

(1) He may employ new counsel;

(2) He may attempt an immediate appeal, if appropriate, from this order; and/or

(3) He may execute a waiver, if such is done knowingly and voluntarily, of any conflict or possible conflict which may occur or exist insofar as Robert G. Perry is concened arising from the matters of record herein, as set forth in the record of the proceedings herein, which are hereby incorporated by reference herein. It is further

"ORDERED that, there being nothing further to be done in this District

that this matter be transferred back to the Southern District of West Virginia, subject to the right of the defendant to reopen these proceedings in the event that he may desire to execute and tender such a knowing and voluntary waiver, if any, to this court."

On March 31, 1972, no further proceedings having been had in these matters, a hearing was held before Judge Christie in the Southern District of West Virginia at which time Mr. Perry advised that he was in the process of appealing Judge Maxwell's order and that the appeal would be filed, together with a brief, on the 12th day of April, 1972. On April 24, 1972, no proceedings having been instituted in this court, the United States Attorney directed a letter to Judge Christie and asked that a date be fixed for the arraignment of Hankish in Criminal Action No. 71–55. On the following day Mr. Perry advised the district court by telegram, a copy of which was received by the United States Attorney, that a "petition" would be presented to the Fourth Circuit on Monday, May 1, 1972. On May 1, 1972, the Clerk of this court received a "petition" praying that this court grant petitioner a full and complete hearing upon the matters arising upon the original motion of the Government for disqualification of counsel or, in the alternative, that this court hear and determine the petition upon oral argument and briefs; further that the order of the district court disqualifying counsel be reversed and that the district court be ordered to permit the continued service of Mr. Perry as petitioner's counsel in the defense of the indictment pending in the district court in Criminal Action No. 71–55. At the same time the Clerk received a "brief" purporting to be in support of said petition.

In the proceedings before Judge Maxwell defendant Hankish, speaking for himself, stated to the court that he would be willing to waive any possible prejudice to him because of representation by Mr. Perry and later, when the case was called up before Judge Christie, Mr.

Hankish personally stated to the court that if the Fourth Circuit Court of Appeals afforded no relief he would execute a waiver of possible prejudice which might develop through continued representation by Mr. Perry. It was at that time that defense counsel notified Judge Christie that he was asking this court for review and in response to interrogation by the court counsel answered,

"All that we're doing, Judge, is by petition and a copious brief, asking the court, the Fourth Circuit to entertain an appeal to an interlocutory order and to overturn the order.

"Now, of course, I have no idea whether or not they will do that, but I would concede on the record it is hard to get them to do it."

In response to further interrogation by the court Mr. Perry stated that this was not a certification, that it was not an appeal from a final order, and that the defendant did not have an appeal as a matter of right. In his petition and his seven-page brief there is no citation of any statute or case law as a basis for invoking this court's jurisdiction.

■ An order such as the one here complained of might be held to fall within that class of orders described in Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949), as "that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated," and thus to be a final order appealable under 28 U.S.C. § 1291. Harmar Drive-In Theatre, Inc. v. Warner Bros. Pictures, Inc., 239 F.2d 555 (2 Cir. 1956), cert. denied 355 U.S. 824, 78 S.Ct. 31, 2 L.Ed.2d 38 (1957). See Fleischer v. Phillips, 264 F.2d 515 (2 Cir. 1959), cert. denied, 359 U.S. 1002, 79 S.Ct. 1139, 3 L.Ed.2d 1030 (1959).

If we should follow the decision in *Harmar*, the order in the instant case would be appealable under the rule in *Cohen*. However, the petitioner has filed no notice of appeal and is inexcusably out of time in attempting to prosecute an appeal under 28 U.S.C. § 1291.

■ We have considered the possibility that this vague application for review might be treated as a petition for a writ of mandamus under the All Writs Statute, 28 U.S.C. § 1651, and that the writ might lie thus enabling this court to review the instant order. However, this court, in its discretion, may refuse to issue the writ if a method of review has been provided by statute and the petitioner has failed to utilize it. Bartsch v. Clarke, 293 F.2d 283 (4 Cir. 1961). Assuming that *Harmar Drive-In, supra*, was correctly decided and that Judge Maxwell's order of disqualification was at one time appealable, we conclude that we should not consider the issuance of a writ of mandamus in this case for the following reasons:

1. Hankish and his counsel have been inexcusably dilatory in seeking any relief from the district court's order and it cannot be said that he has made any effort to perfect an appeal as an appeal from a "final" order.

2. In order to issue a writ of mandamus we would be required to construe, with extreme liberality, Hankish's request for review as a petition for the writ and we conclude that under the circumstances any such construction would be unjustifiable.

■ 3. It has been held in numberless cases that resort may not be had to mandamus as a substitute for an appeal. For example, see Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 63 S.Ct. 938, 87 L.Ed. 1185 (1943). If a writ of mandamus were to be issued here it would clearly be a substitute for an appeal, the right to such appeal having been neither asserted nor pursued.

4. The Second and Ninth Circuits have held that review of an order *denying* a motion to disqualify could be had by way of an interlocutory appeal under 28 U.S.C. § 1292(b). Marco v. Dulles, 268 F.2d 192 (2 Cir. 1959); Cord v.

Smith, 338 F.2d 516 (9 Cir. 1964). In *Cord*, the Ninth Circuit held that the order *refusing* disqualification was not appealable under the *Cohen* rule and was appealable pursuant to § 1292(b). Since there had been no certification under § 1292(b) the court concluded by granting mandamus to review the question. We have found no authority clearly supporting the issuance of a writ of mandamus to review an order *granting* a motion to disqualify. We do not view the decision in *Cord, supra,* as such authority. For a discussion of the subject of appealability see 9 Moore's Federal Practice ¶ 110.13[10].

5. The issuance of a writ of mandamus here would appear to be on less than firm ground when Hankish has been informed by the district court that he might be represented by his employed counsel if he would waive objections to any conflict of interest on his counsel's part and any prejudice to himself that might develop therefrom at trial. Hankish was personally present during all of the proceedings before Judge Maxwell and Judge Christie. It was vigorously contended that motion for disqualification of counsel was without evidentiary support because there was no showing of possible conflict of interest on the part of counsel and there was no possibility that any prejudice to Hankish could develop because of Mr. Perry's earlier representation of Longfellow. In light of these contentions that no prejudice could possibly arise it would appear that Hankish has conceded that a waiver of prejudice from continued representation by Mr. Perry would not be harmful.

If we were to adopt the view that *Harmar Drive-In* was incorrectly decided and that the order here complained of was not appealable under 28 U.S.C. § 1291, we conclude that the issuance of a writ of mandamus would still appear to be inappropriate and unjustified. Mandamus will ordinarily lie only when the district court has clearly abused its discretion or when the petitioner can establish a clear and certain right and that the duties of the court were basically ministerial. Such factors are lacking here. The petitioner can have the benefit of counsel of his own choice by executing a waiver of possible prejudice, which waiver, according to petitioner's own avowals, would be harmless.

Under the circumstances here, we decline to take jurisdiction of the matters presented in connection with the petition of defendant Hankish. It is so ordered.